**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANKLIN LOUFRANI, an individual, and ) <br> THE SMILEY COMPANY SPRL, ) <br> a Belgian Company, ) <br> ) <br> ) <br>                   Plaintiffs, ) <br> ) <br>         v. ) <br> ) <br> WAL-MART STORES, INC. ) <br> ) <br>                   Defendant. ) | FILED: MAY 20, 2009 <br> Case No. 09CV3062 <br> JUDGE KENDALL <br> MAGISTRATE JUDGE BROWN <br> BR |

**COMPLAINT FOR *DE NOVO* REVIEW OF DECISION OF
TRADEMARK TRIAL AND APPEAL BOARD**

Plaintiffs, Franklin Loufrani ("Mr. Loufrani") and The Smiley Company SPRL ("Smiley Co.") (collectively, "Plaintiffs"), hereby complain against Wal-Mart Stores, Inc. ("Wal-Mart") and allege as follows:

**NATURE OF ACTION**

1. This is an action under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO").

2. On March 20, 2009, a TTAB panel sustained Wal-Mart's trademark oppositions, based on Wal-Mart's federal trademark application serial no. 76/320,901 for its design mark ("Wal-Mart Mark"), against registration of Plaintiffs' federal trademark applications for the

SMILEY and design mark ("SMILEY and Design Mark") for various goods and services.[1] In sustaining Wal-Mart's opposition, the TTAB found that Plaintiffs' SMILEY and Design Mark was descriptive, not inherently distinctive. In addition, the TTAB found that a likelihood of confusion exists between Plaintiffs' SMILEY and Design Mark and the Wal-Mart Mark. The TTAB also dismissed Plaintiffs' opposition against registration of the Wal-Mart Mark. Notwithstanding the ubiquitous use of the happy face for decades before Wal-Mart's claimed first use, the TTAB found that Wal-Mart had acquired distinctiveness in a little more than eighteen months.

3. The TTAB's March 20, 2009 decision was erroneous and not supported either by the law or the evidence in this matter. Accordingly, by this action, Plaintiffs seek an order from this Court (a) finding that SMILEY and Design Mark is distinctive and that the SMILEY word element is not the legal equivalent or descriptive of the happy face design element of Plaintiffs' SMILEY and Design Mark (the "Happy Face Design"); (b) reversing and vacating the portion of the TTAB's March 20, 2009 order finding a likelihood of confusion between Wal-Mart's Mark and Plaintiffs' SMILEY and Design Mark; (c) directing the USPTO to issue a Notice of Allowance for Plaintiffs' application serial numbers 75/302,439 and 75/977,376 for the SMILEY and Design Marks; and (d) reversing and vacating the portion of the TTAB's decision that found

---

[1] The Wal-Mart Mark (including the color yellow):  , and Plaintiff's SMILEY and Design Mark (without reference to a specific color):  ..

that Wal-Mart had acquired distinctiveness in the Wal-Mart Mark before Mr. Loufrani filed his applications for the SMILEY and Design Mark and granting Plaintiff's opposition.

## THE PARTIES

4. Franklin Loufrani is a citizen of France. In the early 1970s Mr. Loufrani created the Happy Face Design and established the original Smiley World company to sell and license the Happy Face Design and related marks in the United Kingdom and Europe. Mr. Loufrani and Smiley Co. now own Happy Face Design and related trademark registrations in approximately 85 countries worldwide.

5. The Smiley Company SPRL is a foreign limited liability company, with its principal place of business in Brussels, Belgium. During the pendency of the subject TTAB opposition proceedings, Mr. Loufrani assigned his rights to the SMILEY and Design Marks to Smiley Co.

6. Upon information and belief, Defendant is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

## JURISDICTION AND VENUE

7. This is an action arising under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), seeking judicial review of a final decision of the TTAB.

8. This Court has subject matter jurisdiction in this matter pursuant to Sections 21(b)(1) and 39(a) of the Lanham Act, 15 U.S.C. §§ 1071(b)(1) and 1121(a). These sections provide that an applicant for registration of a mark may have remedy by a civil action, and a court may adjudge that the applicant is entitled to a registration upon the application involved or may order such other relief as the issues in the proceeding require. Further, U.S. district courts

shall have original jurisdiction of such actions, without regard to the amount in controversy or to diversity of citizenship of the parties.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Wal-Mart resides in this district by virtue of being subject to personal jurisdiction in the district based upon its conduct of business through its retail and online stores here.

## PROCEDURAL BACKGROUND

10. On June 3, 1997, Mr. Loufrani filed federal trademark application serial no. 75/302439 ('439) on an intent-to-use basis under Section 1(b) to register the SMILEY and Design Mark for a variety of goods and services. That same month, Mr. Loufrani introduced a SMILEY and design mark (similar to the applied for mark) at a trade show in the United States, and the mark has appeared on clothing, stationary, mugs, bags and plush toys.

11. On March 26, 1998, Plaintiffs' application '439 was divided into two applications, application serial number 75/302439 ('439) for goods and services in international classes 16, 25, 28, 29, 30, 41 and 42 and application serial number 75/977376 ('376) for goods and services in international classes 3, 5, 8, 9, 14, 18, 21, 24, 31, 32, 33, 34, 35, 36, 38, and 39.

12. On May 22, 2001, Mr. Loufrani's application '376 was published for opposition.

13. On September 17, 2001, Wal-Mart filed an opposition to the registration of Mr. Loufrani's application '376, claiming a likelihood of confusion between Mr. Loufrani's SMILEY and Design Mark and Wal-mart's Mark. That opposition proceeding was assigned Opposition No. 91150278 ('278).

14. On October 3, 2001, Wal-Mart filed federal trademark application serial number 76/320901 ('901) for Wal-Mart's Mark in class 35 for "retail department store services."

15. On May 22, 2002, Mr. Loufrani filed an opposition to registration of Wal-Mart's application '901, claiming, among other things, that Plaintiffs had priority, and that the Wal-Mart Mark was in the public domain, could not function as a mark and was substantially similar to the Happy Face Design element of Plaintiffs' SMILEY and Design Mark. The opposition proceeding was assigned Opposition No. 91152145 ('145).

16. On December 10, 2002, Mr. Loufrani's application '439 was published for opposition.

17. On January 6, 2003, Wal-Mart filed an opposition to the registration of Mr. Loufrani's application '439, claiming that the Plaintiffs' SMILEY and Design Mark was confusingly similar to the Wal-Mart Mark; that the Happy Face Design element of Plaintiffs' SMILEY and Design Mark was a ubiquitous icon, and that to the extent the Happy Face Design was capable of serving a trademark function, any such rights belonged to Wal-Mart. The opposition proceeding was assigned Opposition No. 91154632 ('632).

18. On or about January 9, 2003 and August 1, 2003, the TTAB consolidated Opposition nos. '278, '145 and '632.

19. In connection with the consolidated opposition proceedings, the parties engaged in discovery.

20. Following the exchange of discovery and trial testimony, the parties submitted trial briefs, and oral argument was held before a three-person panel of TTAB Administrative Trademark Judges on January 14, 2009.

21. On March 20, 2009, the TTAB panel issued a decision (1) finding that Plaintiff's SMILEY and Design Mark is descriptive, and not inherently distinctive in that the word element SMILEY is descriptive of the Happy Face Design element of the mark; (2) finding a likelihood

5

of confusion between Plaintiffs' SMILEY and Design Mark and Wal-Mart's Mark; (3) sustaining Wal-Mart's Oppositions to registration of Plaintiffs' applications '439 and '376 for the SMILEY and Design Mark; and (4) dismissing Plaintiffs' Opposition to registration of Wal-Mart's application '901 for the Wal-Mart Mark. A copy of the March 20, 2009 order (the "Order") is attached as Ex. A.

22. Plaintiffs appeal the four holdings set forth in the Order, namely (1) the TTAB's finding that Plaintiff's SMILEY and Design Mark is descriptive, and not inherently distinctive in that the word element SMILEY is descriptive of the Happy Face Design element of the mark; (2) the TTAB's finding of a likelihood of confusion between Plaintiffs' SMILEY and Design Mark and Wal-Mart's Mark; (3) the decision sustaining Wal-Mart's Oppositions to registration of Plaintiffs' applications '439 and '376 for the SMILEY and Design Mark; and (4) the TTAB's finding that Wal-Mart acquired distinctiveness in the Wal-Mart Mark in little more than eighteen months and therefore denying Mr. Loufrani's opposition. ("Appealed Holdings.")

23. Plaintiffs are dissatisfied with the erroneous TTAB Appealed Holdings, and therefore, seek *de novo* review of the TTAB decision pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071.

## FACTUAL BACKGROUND

### Loufrani Creates Happy Face Design in 1970's

24. In the early 1970s Mr. Loufrani created the Happy Face Design and established the original Smiley World company to sell and license the Happy Face Design in the United Kingdom and Europe. Mr. Loufrani and Smiley Co. now own SMILEY and Happy Face Design trademark registrations in approximately 85 countries worldwide.

6

25. Plaintiffs own many federal United States Trademark registrations for a number of SMILEY and SMILEY-related marks, including: Reg. Nos. 3298278, 2801529, 3577839, 3102995, 3016430, 2970055, 2701516, 2566529 and 2747618. A copy of Plaintiffs' SMILEY and SMILEY-related registered United States marks from the Trademark Electronic Search System database are attached hereto as Ex. B.

26. Through their extensive licensing of their SMILEY and related Happy Face Design Marks to manufacturers of a wide variety of goods throughout the world, Plaintiffs have developed a valuable brand. They have promoted their licensing business in the United States through, among other channels, participation in major licensing shows since at least as early as 1997.

### Wal-Mart's Use of Happy Face Design

27. Upon information and belief, Wal-Mart is a national retailer selling thousands of branded goods through more than 4,100 United States retail facilities and online stores.

28. Upon information and belief, Wal-Mart operates 90 Supercenters, 57 discount stores, and 29 Sam's Club stores in the state of Illinois.

29. Upon information and belief, Wal-Mart first used the Wal-Mart Mark in connection with its retail store services on January 26, 1996.

30. Wal-Mart sells thousands of different products under national brands, including plush toys; stickers; cards; wrapping paper and gift bags; sports equipment; sportswear, namely shirts, pants, hats, dresses and shorts; undergarments; sewing patterns; perfumes; bath and body products; hair care products; toiletries; sun care products; skin creams; skin lotions; bath gels; bubble baths; color cosmetics; skin treatment products; keychains; toy sets; posters; magnets; bathtub toys; and clocks.

31. Plaintiffs have licensed their SMILEY and SMILEY-related marks in connection with many of the same goods in the United States, including, but not limited to, plush toys, stickers, cards, wrapping paper, gift bags, fabric, undergarments, hats, sewing patterns, perfumes, sports helmet and pads, key chains, toy sets, posters, magnets, bathtub toys, and clocks. In fact, upon information and belief, Plaintiffs have licensed their SMILEY and SMILEY-related marks for use on goods sold directly through Wal-Mart retail stores dating back to the late 1980's or early 1990's.

32. Plaintiffs' SMILEY and SMILEY-related marks are readily distinguishable from Wal-Mart's Mark, as evidenced by the fact that the marks have co-existed for years, on the same shelves, without any actual confusion.

33. There is no likelihood of confusion between Plaintiffs' marks and the Wal-Mart Mark.

## REQUEST FOR REVERSAL OF TTAB DECISION

34. Plaintiffs allege and incorporate by reference Paragraphs 1 through 33.

35. Plaintiffs disagree with the TTAB's conclusion that Plaintiffs' SMILEY and Design Mark is descriptive of the Happy Face Design element, and Plaintiffs believe the evidence presented by both parties weighs in favor of distinctive rather than descriptive meaning.

36. Plaintiffs also disagree with the TTAB's conclusion that there is a likelihood of confusion between the Wal-Mart Mark and Plaintiffs' SMILEY and Design Mark, and Plaintiffs assert that this finding was legally erroneous and contrary to the weight of the evidence.

37. The TTAB only considered two of the thirteen salient factors in the test articulated in the seminal case *In re E.I DuPont de Nemours & Co.*, 476 F.2d 1357, 177 U.S.P.Q. 563 (C.C.P.A. 1973).

38. To date, Plaintiffs are not aware of any confusion between the parties' marks. In fact, upon information and belief, Wal-Mart sold goods in its stores bearing Plaintiffs' SMILEY and SMILEY-related marks without any objection by Wal-Mart or instances of confusion by consumers.

39. Furthermore, by virtue of its ruling, the TTAB erroneously extended Wal-Mart's rights in the Wal-Mart Mark well beyond "retail department store services," by granting Wal-Mart the right to restrict others from using the same or similar marks on goods or products sold at Wal-Mart stores in connection with those services. In effect, the TTAB has granted Wal-Mart a *de facto* monopoly on the exclusive right to use the Wal-Mart Mark, not only for retail store services but on all of the thousands of goods and services sold at its stores.

40. The Appealed Holdings from the TTAB decision of March 20 should be reversed and vacated, and an order should be entered directing the USPTO to: a) issue a Notice of Allowance for Plaintiffs' SMILEY and Design Marks, so that Plaintiffs can file Statements of Use and their marks can proceed to registration on the Principal Register; and vacate the TTAB's finding that Wal-Mart acquired distinctiveness in the Wal-Mart Mark and reverse the Board's denial of Mr. Loufrani's opposition.

## CONCLUSION

41. In finding that Plaintiffs' SMILEY and Design Mark was descriptive and not inherently distinctive, the TTAB failed to consider fully and properly the evidence presented during the proceeding, or to follow the Lanham Act, the United States Code, and precedential decisions. In finding a likelihood of confusion exists between Wal-Mart's Mark and Plaintiffs' SMILEY and Design Mark, the TTAB failed to fully and properly consider the evidence

9

presented during the proceeding, or to follow the Lanham Act, the United States Code, and precedential decisions. In support of registration and appeal by civil action, Plaintiffs wish to present to this Court additional evidence that supports the conclusion that there is no likelihood of confusion in this case.

42. In finding that the Wal-Mart Mark had acquired distinctiveness in little more than eighteen months, the TTAB failed to consider fully and properly the evidence presented during the proceeding, or to follow the Lanham Act, the United States Code, and precedential decisions. In support of their opposition and appeal by civil action, Plaintiffs wish to present to this Court additional evidence that supports the conclusion that Wal-Mart had <u>not</u> acquired distinctiveness in the Wal-Mart Mark prior to the time of Mr. Loufrani's trademark applications.

## **PRAYER FOR RELIEF**

WHEREFORE, Franklin Loufrani and The Smiley Company SPRL pray for a judgment against Wal-Mart Stores, Inc. as follows:

A. That the Court reverse and vacate the March 20, 2009 decision of the TTAB in the matter of *Wal-Mart Stores, Inc. v. Franklin Loufrani*, Opposition Nos. 91150278, 91154632 and 91152145 referenced herein, pursuant to 15 U.S.C. § 1071(b);

B. That the Court direct the Director of Trademarks and the United States Patent and Trademark Office to issue a Notice of Allowance for Serial Nos. 75302439 and 75977376 for the SMILEY and design marks, pursuant to 15 U.S.C. § 1071(b);

C. That the Court reverse and vacate the March 20, 2009 decision of the TTAB in the matter of *Franklin Loufrani v. Wal-Mart Stores, Inc*., Opposition No. 91152145 and sustain the opposition; and

D. That the Court provide such other relief as it finds appropriate.

                              Respectfully submitted,

Dated: May 20, 2009                   By: /s/ Steven L. Baron
                                          Steven L. Baron (#6200868)
                                          Natalie A. Harris (#6272361)
                                          Lindsay H. LaVine (#6291725)
                                          MANDELL MENKES LLC
                                          333 West Wacker Drive, Suite 300
                                          Chicago, Illinois 60606
                                          (312) 251-1000 (phone)
                                          (312) 251-1010 (fax)
                                          *Counsel for Plaintiffs*