**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANKLIN LOUFRANI, an individual, and | ) | |
| THE SMILEY COMPANY SPRL, | ) | |
| a Belgian Company, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.   09 CV 3062 |
| v. | ) | JUDGE KENDALL |
| | ) | MAGISTRATE JUDGE BROWN |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**WAL-MART STORES, INC.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM TO COMPLAINT FOR REVIEW OF DECISION OF
TRADEMARK TRIAL AND APPEAL BOARD**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its attorneys, for its answer to the Complaint for Review of Decision of Trademark Trial and Appeal Board, states as follows:

**NATURE OF ACTION**

1.     This is an action under Section 21(b)(l) of the Lanham Act, 15 U.S.C. § 1071 (b)(1), seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO").

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 1.

2.     On March 20, 2009, a TTAB panel sustained Wal-Mart's trademark oppositions, based on Wal-Mart's federal trademark application serial no. 76/320,901 for its design mark ("Wal-Mart Mark"), against registration of Plaintiffs' federal trademark applications for the

SMILEY and design mark ("SMILEY and Design Mark") for various goods and services.[1] In sustaining Wal-Mart's opposition, the TTAB found that Plaintiffs' SMILEY and Design Mark was descriptive, not inherently distinctive. In addition, the TTAB found that a likelihood of confusion exists between Plaintiffs' SMILEY and Design Mark and the Wal-Mart Mark. The TTAB also dismissed Plaintiffs' opposition against registration of the Wal-Mart Mark. Notwithstanding the ubiquitous use of the happy face for decades before Wal-Mart's claimed first use, the TTAB found that Wal-Mart had acquired distinctiveness in a little more than eighteen months.

**ANSWER:** Wal-Mart admits that on March 20, 2009, a TTAB panel sustained Wal-Mart's trademark oppositions based on Wal-Mart's federal trademark application Serial No. 76/320,901 (Reg. No. 3,649,099, issued July 7, 2009) for its design mark (the "Wal-Mart Mark"), against registration of Mr. Loufrani's federal trademark application to register the SMILEY and design mark (the "Loufrani Mark") and dismissed Plaintiffs' opposition against registration of the Wal-Mart Mark for the reasons set forth in the March 20, 2009 Order, which speaks for itself. Wal-Mart denies the remaining allegations made in Paragraph 2.

3. The TTAB's March 20, 2009 decision was erroneous and not supported either by the law or the evidence in this matter. Accordingly, by this action, Plaintiffs seek an order from this Court (a) finding that SMILEY and Design Mark is distinctive and that the SMILEY word element is not the legal equivalent or descriptive of the happy face design element of Plaintiffs' SMILEY and Design Mark (the "Happy Face Design"); (b) reversing and vacating the portion of the TTAB's March 20, 2009 order finding a likelihood of confusion between Wal-Mart's Mark and Plaintiffs' SMILEY and Design Mark; (c) directing the USPTO to issue a Notice of Allowance for Plaintiffs' application serial numbers 75/302,439 and 75/977,376 for the SMILEY and Design Marks; and (d) reversing and vacating the portion of the TTAB's decision that found that Wal-Mart had acquired distinctiveness in the Wal-Mart Mark before Mr. Loufrani filed his applications for the SMILEY and Design Mark and granting Plaintiff's opposition.

_____

[1] The Wal-Mart Mark (including the color yellow): , and Plaintiff's SMILEY and Design Mark



(without reference to a specific color):

**ANSWER:** Wal-Mart states that Paragraph 3 consists of legal argument and conclusions, to which no answer is required. To the extent Paragraph 3 requires an answer, Wal-Mart denies the allegations of Paragraph 3.

## THE PARTIES

4. Franklin Loufrani is a citizen of France. In the early 1970s Mr. Loufrani created the Happy Face Design and established the original Smiley World company to sell and license the Happy Face Design and related marks in the United Kingdom and Europe. Mr. Loufrani and Smiley Co. now own Happy Face Design and related trademark registrations in approximately 85 countries worldwide.

**ANSWER:** Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 4 and, therefore, denies them.

5. The Smiley Company SPRL is a foreign limited liability company, with its principal place of business in Brussels, Belgium. During the pendency of the subject TTAB opposition proceedings, Mr. Loufrani assigned his rights to the SMILEY and Design Marks to Smiley Co.

**ANSWER:** Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 5 and, therefore, denies them. Answering further, Wal-Mart states that The Smiley Company was not a party to the TTAB opposition proceedings and is therefore not a proper plaintiff.

6. Upon information and belief, Defendant is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

**ANSWER:** Wal-Mart admits the allegations made in Paragraph 6.

## JURISDICTION AND VENUE

7. This is an action arising under Section 21(b)(l) of the Lanham Act, 15 U.S.C. § 1071 (b)(1), seeking judicial review of a final decision of the TTAB.

**ANSWER:** Wal-Mart admits the allegations made in Paragraph 7.

8. This Court has subject matter jurisdiction in this matter pursuant to Sections 21(b)(1) and 39(a) of the Lanham Act, 15 U.S.C. § 1071(b)(1) and 1121(a). These sections provide that an applicant for registration of a mark may have remedy by a civil action, and a court may adjudge that the applicant is entitled to a registration upon the application involved or

may order such other relief as the issues in the proceeding require. Further, U.S. district courts shall have original jurisdiction of such actions, without regard to the amount in controversy or to diversity of citizenship of the parties.

**ANSWER:**    Wal-Mart admits that this Court has subject matter jurisdiction in this

matter pursuant to Sections 21(b)(1) and 39(a) of the Lanham Act, 15 U.S.C. §§ 1071(b)(1) and

1121(a).  Wal-Mart states that the remaining allegations of Paragraph 8 are legal conclusions, to

which no answer is required.   To the extent that an answer is required to the remaining

allegations of Paragraph 8, Wal-Mart denies all allegations inconsistent with Sections 21(b)(1)

and 39(a) of the Lanham Act, 15 U.S.C. §§ 1071(b)(1) and 1121(a), which speak for themselves.

Wal-Mart denies the remaining allegations made in Paragraph 8.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Wal-Mart resides in this district by virtue of being subject to personal jurisdiction in the district based upon its conduct of business through its retail and online stores here.

**ANSWER:**    Wal-Mart admits that it conducts business in this judicial district through

retail and online stores.  Wal-Mart states that the remaining allegations of Paragraph 9 are legal

conclusions, to which no answer is required.   To the extent that an answer is required to the

remaining allegations of Paragraph 9, Wal-Mart denies all allegations inconsistent with 28

U.S.C. § 1391(b) and (c). Wal-Mart denies the remaining allegations made in Paragraph 9.

## PROCEDURAL BACKGROUND

10.     On June 3, 1997, Mr. Loufrani filed federal trademark application serial no. 75/302439 ('439) on an intent-to-use basis under Section 1(b) to register the SMILEY and Design Mark for a variety of goods and services. That same month, Mr. Loufrani introduced a SMILEY and design mark (similar to the applied for mark) at a trade show in the United States, and the mark has appeared on clothing, stationary, mugs, bags and plush toys.

**ANSWER:**    Wal-Mart admits that, on June 3, 1997, Mr. Loufrani filed federal

trademark application serial no. 75/302439 ('439) on an intent-to-use basis under Section 1(b) to

register a purported SMILEY and Design Mark in twenty-four International Classes for over

1000 different goods and services.  Wal-Mart is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations made in Paragraph 10 and, therefore, denies them.

11.     On March 26, 1998, Plaintiffs' application '439 was divided into two applications, application serial number 75/302439 ('439) for goods and services in international classes 16, 25, 28, 29, 30, 41 and 42 and application serial number 75/977376 ('376) for goods and services in international classes 3, 5, 8, 9, 14, 18, 21, 24, 31, 32, 33, 34, 35, 36, 38, and 39.

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 11.

12.     On May 22, 2001, Mr. Loufrani's application '376 was published for opposition.

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 12.

13.     On September 17, 2001, Wal-Mart filed an opposition to the registration of Mr. Loufrani's application '376, claiming a likelihood of confusion between Mr. Loufrani's SMILEY and Design Mark and Wal-Mart's Mark. That opposition proceeding was assigned Opposition No. 91150278 ('278).

**ANSWER:**     Wal-Mart admits that it filed an opposition to the registration of Mr. Loufrani's application '376, and that the opposition proceeding was assigned Opposition No. 91150278 ('278). Answering further, Wal-Mart states that the Notice of Opposition speaks for itself. Wal-Mart denies the remaining allegations made in Paragraph 13.

14.     On October 3, 2001, Wal-Mart filed federal trademark application serial number 76/320901 ('901) for Wal-Mart's Mark in class 35 for "retail department store services."

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 14.

15.     On May 22, 2002, Mr. Loufrani filed an opposition to registration of Wal-Mart's application '901, claiming, among other things, that Plaintiffs had priority, and that the Wal-Mart Mark was in the public domain, could not function as a mark and was substantially similar to the Happy Face Design element of Plaintiffs' SMILEY and Design Mark. The opposition proceeding was assigned Opposition No. 91152145 ('145).

**ANSWER:**     Wal-Mart admits that, on May 22, 2002, Mr. Loufrani filed an opposition to registration of Wal-Mart's application '901 and that the opposition proceeding was assigned Opposition No. 91152145 ('145). Answering further, Wal-Mart states that the Notice of Opposition speaks for itself. Wal-Mart denies the remaining allegations made in Paragraph 15.

16.     On December 10, 2002, Mr. Loufrani's application '439 was published for opposition.

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 16.

17.     On January 6, 2003, Wal-Mart filed an opposition to the registration of Mr. Loufrani's application '439, claiming that the Plaintiffs' SMILEY and Design Mark was confusingly similar to the Wal-Mart Mark; that the Happy Face Design element of Plaintiffs' SMILEY and Design Mark was a ubiquitous icon, and that to the extent the Happy Face Design was capable of serving a trademark function, any such rights belonged to Wal-Mart. The opposition proceeding was assigned Opposition No. 91154632 ('632).

**ANSWER:**     Wal-Mart admits that, on January 6, 2003, Wal-Mart filed an opposition to the registration of Mr. Loufrani's application '439, and that the opposition proceeding was assigned Opposition No. 91/154632 ('632).  Answering further, Wal-Mart states that the Notice of Opposition speaks for itself.  Wal-Mart denies the remaining allegations made in Paragraph 17.

18.     On or about January 9, 2003 and August 1, 2003, the TTAB consolidated Opposition nos. '278, '145 and '632.

**ANSWER:**  Wal-Mart admits the allegations made in Paragraph 18.

19.     In connection with the consolidated opposition proceedings, the parties engaged in discovery.

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 19.

20.     Following the exchange of discovery and trial testimony, the parties submitted trial briefs, and oral argument was held before a three-person panel of TTAB Administrative Trademark Judges on January 14, 2009.

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 20.

21.     On March 20, 2009, the TTAB panel issued a decision (1) finding that Plaintiffs' SMILEY and Design Mark is descriptive, and not inherently distinctive in that the word element SMILEY is descriptive of the Happy Face Design element of the mark; (2) finding a likelihood of confusion between Plaintiffs' SMILEY and Design Mark and Wal-Mart's Mark; (3) sustaining Wal-Mart's Oppositions to registration of Plaintiffs' applications '439 and '376 for the SMILEY and Design Mark; and (4) dismissing Plaintiffs' Opposition to registration of Wal-Mart's application '901 for the Wal-Mart Mark. A copy of the March 20, 2009 order (the "Order") is attached as Ex. A.

**ANSWER:**   Wal-Mart admits that, on March 20, 2009, the TTAB panel issued its decision, a true and correct copy of which is attached as Exhibit A to Plaintiffs' Complaint. Answering further, Wal-Mart states that the TTAB's March 20, 2009 decision (the "TTAB Decision") speaks for itself. Wal-Mart denies the remaining allegations made in Paragraph 21.

22.    Plaintiffs appeal the four holdings set forth in the Order, namely (1) the TTAB's finding that Plaintiffs' SMILEY and Design Mark is descriptive, and not inherently distinctive in that the word element SMILEY is descriptive of the Happy Face Design element of the mark; (2) the TTAB's finding of a likelihood of confusion between Plaintiffs' SMILEY and Design Mark and Wal-Mart's Mark; (3) the decision sustaining Wal-Mart's Oppositions to registration of Plaintiffs' applications '439 and '376 for the SMILEY and Design Mark; and (4) the TTAB's finding that Wal-Mart acquired distinctiveness in the Wal-Mart Mark in little more than eighteen months and therefore denying Mr. Loufrani's opposition. ("Appealed Holdings.")

**ANSWER:**   Wal-Mart admits that Plaintiffs purport to appeal certain aspects of the TTAB Decision. Wal-Mart denies the remaining allegations made in Paragraph 22.

23.    Plaintiffs are dissatisfied with the erroneous TTAB Appealed Holdings, and therefore, seek *de novo* review of the TTAB decision pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071.

**ANSWER:**   Wal-Mart admits that Plaintiffs assert they are dissatisfied with the TTAB Appealed Holdings and that they purport to seek review of the TTAB decision pursuant to Section 21 of the Lanham Act, 15 U.S.C § 1071. Wal-Mart denies the remaining allegations made in Paragraph 23.

## FACTUAL BACKGROUND

### Loufrani Creates Happy Face Design in 1970's

24.    In the early 1970s Mr. Loufrani created the Happy Face Design and established the original Smiley World company to sell and license the Happy Face Design in the United Kingdom and Europe. Mr. Loufrani and Smiley Co. now own SMILEY and Happy Face Design trademark registrations in approximately 85 countries worldwide.

**ANSWER:**   Wal-Mart lacks knowledge and information sufficient to form a belief as to the truth of the allegations made in Paragraph 24 and, therefore, denies them.

25.     Plaintiffs own many federal United States Trademark registrations for a number of SMILEY and SMILEY-related marks, including:  Reg. Nos. 3298278, 2801529, 3577839, 3102995, 3016430, 2970055, 2701516, 2566529 and 2747618. A copy of Plaintiffs' SMILEY and SMILEY-related registered United States marks from the Trademark Electronic Search System database are attached hereto as Ex. B.

**ANSWER:**    Wal-Mart admits that copies of Reg. Nos. 3298278, 2801529, 3577839,

3102995, 3016430, 2970055, 2701516, 2566529 and 2747618 are attached as Exhibit B to the

Complaint.  Wal-Mart lacks knowledge and information sufficient to form a belief as to the truth

of the remaining allegations made in Paragraph 25 and, therefore, denies them.

26.     Through their extensive licensing of their SMILEY and related Happy Face Design Marks to manufacturers of a wide variety of goods throughout the world, Plaintiffs have developed a valuable brand. They have promoted their licensing business in the United States through, among other channels, participation in major licensing shows since at least as early as 1997.

**ANSWER:**    Wal-Mart lacks knowledge and information sufficient to form a belief as

to the truth of the allegations made in Paragraph 26 and, therefore, denies them.

### Wal-Mart's Use of Happy Face Design

27.     Upon information and belief, Wal-Mart is a national retailer selling thousands of branded goods through more than 4,100 United States retail facilities and online stores.

**ANSWER:**    Wal-Mart states that it is one of the word's largest retailers, operating over

8,000 retail stores world-wide, over 4,250 of which are located in the United States, and that it

also operates an online store.  Wal-Mart denies the remaining allegations made in Paragraph 27.

28.     Upon information and belief, Wal-Mart operates 90 Supercenters, 57 discount stores, and 29 Sam's Club stores in the state of Illinois.

**ANSWER:**    Wal-Mart states that, as of May 2009, it was operating 93 Supercenters, 55

discount stores and 29 Sam's Club stores in the state of Illinois.  Wal-Mart denies the remaining

allegations made in Paragraph 28.

29.     Upon information and belief, Wal-Mart first used the Wal-Mart Mark in connection with its retail store services on January 26, 1996.

**ANSWER:**     Wal-Mart admits that it used the Wal-Mart Mark in connection with retail store operations at least as early as January 26, 1996.  Wal-Mart denies the remaining allegations made in Paragraph 29.

30.     Wal-Mart sells thousands of different products under national brands, including plush toys; stickers; cards; wrapping paper and gift bags; sports equipment; sportswear, namely shirts, pants, hats, dresses and shorts; undergarments; sewing patterns; perfumes; bath and body products; hair care products; toiletries; sun care products; skin creams; skin lotions; bath gels; bubble baths; color cosmetics; skin treatment products; keychains; toy sets; posters; magnets; bathtub toys; and clocks.

**ANSWER:**     Wal-Mart admits the allegations made in Paragraph 30.

31.     Plaintiffs have licensed their SMILEY and SMILEY-related marks in connection with many of the same goods in the United States, including, but not limited to, plush toys, stickers, cards, wrapping paper, gift bags, fabric, undergarments, hats, sewing patterns, perfumes, sports helmet and pads, key chains, toy sets, posters, magnets, bathtub toys, and clocks. In fact, upon information and belief, Plaintiffs have licensed their SMILEY and SMILEY-related marks for use on goods sold directly through Wal-Mart retail stores dating back to the late 1980's or early 1990's.

**ANSWER:**     Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 31 and, therefore, denies them.

32.     Plaintiffs' SMILEY and SMILEY-related marks are readily distinguishable from Wal-Mart's Mark, as evidenced by the fact that the marks have co-existed for years, on the same shelves, without any actual confusion.

**ANSWER:**     Wal-Mart denies the allegations made in Paragraph 32.

33.     There is no likelihood of confusion between Plaintiffs' marks and the Wal-Mart Mark.

**ANSWER:**     Wal-Mart denies the allegations made in Paragraph 33.

## REQUEST FOR REVERSAL OF TTAB DECISION

34.     Plaintiffs allege and incorporate by reference Paragraphs 1 through 33.

**ANSWER:**     Wal-Mart adopts and incorporates by reference its answers to Paragraphs 1-33 above, as though fully set forth herein.

35.     Plaintiffs disagree with the TTAB's conclusion that Plaintiffs' SMILEY and Design Mark is descriptive of the Happy Face Design element, and Plaintiffs believe the evidence presented by both parties weighs in favor of distinctive rather than descriptive meaning.

**ANSWER:**     Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 35 and, therefore, denies them.

36.     Plaintiffs also disagree with the TTAB's conclusion that there is a likelihood of confusion between the Wal-Mart Mark and Plaintiffs' SMILEY and Design Mark, and Plaintiffs assert that this finding was legally erroneous and contrary to the weight of the evidence.

**ANSWER:**     Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' disagreements with the TTAB's conclusion that there is a likelihood of confusion between the Wal-Mart Mark and Plaintiffs' Smiley and Design Mark and, therefore, denies that allegation. Wal-Mart states that the remaining allegations made in Paragraph 36 are legal conclusions to which no answer is required. To the extent an answer is required, Wal-Mart affirmatively states that there is a likelihood of confusion between the Wal-Mart Mark and Plaintiffs' Smiley and Design Mark and that the TTAB's finding that there was a likelihood of confusion between the Wal-Mart Mark and Plaintiffs' Smiley and Design Mark was correct and supported by the evidence. Wal-Mart denies the remaining allegations made in Paragraph 36.

37.     The TTAB only considered two of the thirteen salient factors in the test articulated in the seminal case *In re E.I DuPont de Nemours & Co.*, 476 F.2d 1357, 177 U.S.P.Q. 563 (C.C.P.A. 1973).

**ANSWER:**     Wal-Mart states that the allegations set forth in Paragraph 37 are legal conclusions to which no answer is required. To the extent that an answer is required, Wal-Mart denies the allegations made in Paragraph 37, and refers the Court to the TTAB Decision, attached to the Complaint as Exhibit A, which speaks for itself.

38.     To date, Plaintiffs are not aware of any confusion between the parties' marks. In fact, upon information and belief, Wal-Mart sold goods in its stores bearing Plaintiffs' SMILEY

and SMILEY-related marks without any objection by Wal-Mart or instances of confusion by consumers.

**ANSWER:** Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 38 and, therefore, denies them.

39.    Furthermore, by virtue of its ruling, the TTAB erroneously extended Wal-Mart's rights in the Wal-Mart Mark well beyond "retail department store services," by granting Wal-Mart the right to restrict others from using the same or similar marks on goods or products sold at Wal-Mart stores in connection with those services. In effect, the TTAB has granted Wal-Mart a *de facto* monopoly on the exclusive right to use the Wal-Mart Mark, not only for retail store services but on all of the thousands of goods and services sold at its stores.

**ANSWER:** Wal-Mart states that the allegations set forth in Paragraph 39 are legal conclusions, to which no answer is required. To the extent that an answer is required, Wal-Mart denies the allegations made in Paragraph 39.

40.    The Appealed Holdings from the TTAB decision of March 20 should be reversed and vacated, and an order should be entered directing the USPTO to:  a) issue a Notice of Allowance for Plaintiffs' SMILEY and Design Marks, so that Plaintiffs can file Statements of Use and their marks can proceed to registration on the Principal Register; and vacate the TTAB's finding that Wal-Mart acquired distinctiveness in the Wal-Mart Mark and reverse the Board's denial of Mr. Loufrani's opposition.

**ANSWER:** Wal-Mart states that the allegations set forth in Paragraph 40 are legal conclusions, to which no answer is required. To the extent that an answer is required, Wal-Mart denies the allegations made in Paragraph 40.

## CONCLUSION

41.    In finding that Plaintiffs' SMILEY and Design Mark was descriptive and not inherently distinctive, the TTAB failed to consider fully and properly the evidence presented during the proceeding, or to follow the Lanham Act, the United States Code, and precedential decisions. In finding a likelihood of confusion exists between Wal-Mart's Mark and Plaintiffs' SMILEY and Design Mark, the TTAB failed to fully and properly consider the evidence presented during the proceeding, or to follow the Lanham Act, the United States Code, and precedential decisions. In support of registration and appeal by civil action, Plaintiffs wish to present to this Court additional evidence that supports the conclusion that there is no likelihood of confusion in this case.

**ANSWER:**    Wal-Mart lacks knowledge or information sufficient to form a belief as to the allegation that Plaintiffs wish to present to this Court additional evidence that allegedly supports the conclusion that there is no likelihood of confusion in this case and, therefore, denies that allegation. Wal-Mart states that the remaining allegations set forth in Paragraph 41 are legal conclusions to which no answer is required. To the extent that an answer is required, Wal-Mart denies those allegations.

42.    In finding that the Wal-Mart Mark had acquired distinctiveness in little more than eighteen months, the TTAB failed to consider fully and properly the evidence presented during the proceeding, or to follow the Lanham Act, the United States Code, and precedential decisions. In support of their opposition and appeal by civil action, Plaintiffs wish to present to this Court additional evidence that supports the conclusion that Wal-Mart had <u>not</u> acquired distinctiveness in the Wal-Mart Mark prior to the time of Mr. Loufrani's trademark applications.

**ANSWER:**    Wal-Mart lacks knowledge or information sufficient to form a belief as to the allegation that Plaintiffs wish to present to this Court additional evidence that allegedly supports the conclusion that Wal-Mart had <u>not</u> acquired distinctiveness in the Wal-Mart Mark prior to the time of Mr. Loufrani's trademark applications and, therefore, denies that allegation. Wal-Mart states that the remaining allegations set forth in Paragraph 42 are legal conclusions to which no answer is required. To the extent that an answer is required, Wal-Mart denies those allegations.

**AFFIRMATIVE DEFENSE**
**(<u>Unclean Hands</u>)**

Plaintiffs' claim is barred by the doctrine of unclean hands.

WHEREFORE, defendant Wal-Mart Stores, Inc. respectfully requests that this Court:

(a) enter a declaration affirming the TTAB's March 20, 2009 decision sustaining Wal-Mart's Opposition to the Registration of Plaintiffs' Smiley and Design Mark, Application Serial Nos. 75/302,439 and 75/977,376;

(b) deny any and all relief sought by Franklin Loufrani and The Smiley Company SPRL in their Complaint;

(c) dismiss with prejudice Franklin Loufrani's and The Smiley Company SPRL's Complaint; and

(d) grant such other and further relief as it deems just and proper.

## COUNTERCLAIM

Wal-Mart Stores, Inc. ("Wal-Mart"), for its counterclaim alleging violations of the Lanham Act and Illinois statutory and common law against plaintiffs/counter-defendants Franklin Loufrani and The Smiley Company SPRL alleges and states as follows:

### NATURE OF THE DISPUTE

1.    Wal-Mart's counterclaims arise out the purported intent of Franklin Loufrani ("Loufrani") and The Smiley Company SPRL ("The Smiley Company," together, "Counter-Defendants") to use and/or license a smiley-face design (the "Loufrani Smiley Face Design") that is confusingly similar to, and if used would infringe, Wal-Mart's well-known registered Mr. Smiley service mark (the "Mr. Smiley Mark").  The Mr. Smiley Mark consists of a smiley face



in the color yellow and appears as follows: _____ .

2.    Wal-Mart has used the Mr. Smiley Mark since at least as early as January 1996, using the Mr. Smiley Mark as a centerpiece of its advertising, including for its well-known "Rollback Campaign," which promotes Wal-Mart's sale prices for certain items sold in its retail stores.  As a result of Wal-Mart's extensive use of the Mr. Smiley Mark in print and television advertising throughout the United States, the Mr. Smiley Mark became synonymous with Wal-Mart in a matter of months.  On October 3, 2001, Wal-Mart filed an application with the United

States Patent and Trademark Office (the "PTO") to register its Mr. Smiley Mark in Class 35 for retail store operations (Application Serial No. 76/320, 901).

3.    On June 3, 1997, well after Wal-Mart began using the Mr. Smiley Mark, and after the public associated the Mr. Smiley mark with Wal-Mart's retail store operations, Loufrani filed an "intent-to-use" application under Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b) to register as a design mark (the "Loufrani Smiley Face Design"). The application covers over a thousand unrelated goods and services in 24 separate International Classes.

4.    Both Wal-Mart and Loufrani opposed each other's applications. These oppositions were consolidated before the Trademark Trial and Appeal Board ("TTAB"). The TTAB held that Wal-Mart's Mr. Smiley Mark had acquired secondary meaning before Loufrani filed his intent-to-use applications. The TTAB further determined that the Loufrani Smiley Face Design could not be registered because it had not acquired distinctiveness and therefore could not function as an indicator of source. The TTAB also concluded that, with respect to the goods for which Loufrani sought registration, there was a likelihood of confusion with Wal-Mart's Mr. Smiley Mark. Accordingly, the TTAB sustained Wal-Mart's opposition to the registration of the Loufrani Smiley Face Design, and dismissed Loufrani's opposition to the registration of Wal-Mart's Mr. Smiley Mark. Counter-Defendants then filed an action under Section 21(b)(l) of the Lanham Act, 15 U.S.C. § 1071 (b)(1), seeking judicial review of a final decision of the TTAB.

5.    Wal-Mart now files this Counterclaim, seeking judicial declarations that the TTAB's Decision was correct and that any use by the Counter-Defendants of the Loufrani

Smiley Face Design would infringe Wal-Mart's registered Mr. Smiley Mark under both federal and state law, such the Counter-Defendants should be enjoined from using or licensing the Loufrani Smiley Face Design.

## PARTIES

6.      Counter-Plaintiff Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas, 72616-8095.

7.      On information and belief, Counter-Defendant Franklin Loufrani is a citizen of France.

8.      On information and belief, Counter-Defendant The Smiley Company SPRL purports to be a foreign limited liability company, with its principal place of business in Brussels, Belgium. Loufrani purported to assign its rights in the Loufrani Smiley Applications to The Smiley Company on June 22, 2008, during the pendency of the TTAB opposition proceedings.

## JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1501 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the claims arising under state law, which are so related to the federal claims brought herein as to form part of the same case or controversy. Moreover, this counterclaim arises out of the same transaction or occurrence set forth in the Complaint, is ancillary to the main action, and derives its

jurisdictional basis from that supporting Counter-Defendants' claims. As such, it is a compulsory counterclaim under Fed. R. Civ. P. 13(a).

10. This Court can enter the declaratory relief sought in this Counterclaim because this case presents an actual controversy and is within this Court's jurisdiction, as set forth in paragraph 9 above.

11. Venue is proper in this district because Counter-Defendants have waived any objection to venue or personal jurisdiction by bringing their claim under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), against Wal-Mart in this Court.

## FACTUAL BACKGROUND

A. **WAL-MART CREATES SECONDARY MEANING IN ITS MR. SMILEY MARK.**

12. Wal-Mart is one of the world's largest and most prominent retailers. Worldwide, Wal-Mart operates over 8000 retail outlets under 55 different banners in 15 counties, and employs more than 2.1 million associates. Its fiscal year 2009 sales exceeded $400 billion dollars. Here in the United States, Wal-Mart operates over 4250 retail stores, with over 2630 Supercenters, 880 discount stores and 600 Sam's Club stores across the country. Wal-Mart also operates an online retail store at **www.walmart.com**, which features over 1 million products.

13. Wal-Mart sells an extraordinarily wide-ranging selection of products and services in its retail stores as well. Its Supercenters sell a wide variety of grocery items and household supplies in addition to the general merchandise available at the Wal-Mart discount stores, such as clothing, health and beauty aids, electronics, toys, lawn and garden items, jewelry, automotive products, school and office supplies, home furnishings, hardware, pet supplies, sporting goods,

houseware products, pharmacy services and photo services, to name just a few of the many products and services available at a Wal-Mart store.

14.     Wal-Mart's corporate image is to provide consumers exceptional value for an enormous selection of goods and services.  Its self-proclaimed purpose is to save people money so they can live better.  A hallmark of Wal-Mart is its well-known "price rollback," wherein Wal-Mart offers temporary price reductions on various items by, among other things, using vendor rebates, negotiated volume purchases or seasonality.  Wal-Mart also sponsors in numerous charitable and community activities through the Wal-Mart Foundation, including educational programs, military support, disaster relief, and medical assistance programs.

15.     At least as early as January 1996, Wal-Mart used its Mr. Smiley Mark in connection with its price rollback advertising campaign.  To quickly foster the association in the minds of consumers between Wal-Mart and its Mr. Smiley Mark, Wal-Mart expended massive amount of resources to connect its Mr. Smiley Mark with Wal-Mart's retail store operations.

16.     Wal-Mart featured the Mr. Smiley Mark in national advertising circulars, as well as in commercials aired during prime time on all three network television stations, Fox, their local affiliates, and cable television stations, including CNN, Nickelodeon, and Art & Entertainment.  As a result, in 1996, virtually every American household with a television is likely to have been exposed to Wal-Mart's Mr. Smiley Mark, often on multiple occasions.

17.     Wal-Mart also made sure that it reinforced this association in the minds of its customers when they entered a Wal-Mart store.  Wal-Mart featured its Mr. Smiley Mark throughout its thousands of Wal-Mart retail stores including on its in-store television network, vests worn by employees, buttons, balloons, and in-store signage.

18.     Wal-Mart's extraordinary marketing campaign was successful.  Within a short period of time, the public identified the Mr. Smiley Mark with Wal-Mart's retail store operations.  Thus, before June of 1997, Wal-Mart's Mr. Smiley Mark had become a distinctive indicator of source for Wal-Mart's retail store operations and, as such, had acquired secondary meaning in the market.

19.     Wal-Mart's Mr. Smiley Mark has become so associated with Wal-Mart that the news media often uses the Mr. Smiley Mark in its stories about Wal-Mart.

20.     Before Wal-Mart's adoption of the Mr. Smiley Mark to advertize its retail store operations, the yellow smiley face was a ubiquitous design of uncertain origins.  Wal-Mart's sustained and extensive use and promotion of the Mr. Smiley Mark, however, quickly transformed this design into an identification of source – essentially becoming an icon for Wal-Mart's retail store operations.

21.     The Mr. Smiley Mark, and the goodwill associated therewith, is thus of inestimable value to Wal-Mart.

**B.     LOUFRANI ATTEMPTS TO REGISTER ITS INFRINGING SMILEY MARK.**

22.     On June 3, 2007, Loufrani filed an intent-to-use application, Application Serial No. 75/302,439 to register the following mark in 24 International Classes (hereinafter referred to as the "Loufrani Smiley Face Design"): .  On March 28, 1998, Loufrani requested that the PTO divide the application, so that the original application contains goods and services

in International Classes ("Classes") 16, 25, 28, 29, 30, 41 and 42. Application Serial No.

75/977,376 contains goods and services in Classes 3, 5, 8, 9, 14, 18, 21, 24, 31-36, 38 and 39.

      23.     Loufrani purported to assign his applications to register the Loufrani Smiley Face

Design to The Smiley Company SPRL on June 22, 2008.

      24.     The Loufrani applications asserted that Loufrani had a *bona fide* intent to use the

Loufrani Smiley Face Design in connection with over 1000 completely unrelated products and

services, many, but not all, of which overlap with products Wal-Mart offers for sale as its retail

and online stores, as is evident from the following examples :

- Class 3: "artificial eyelashes" and "skin soap;"
- Class 5: "adhesive bandages" and "animal semen;"
- Class 8: "branding irons" and "hand tools;"
- Class 9: "contact lens cases" and "meteorological balloons;"
- Class 14: "precious gemstones;"
- Class 16: "school supplies;"
- Class 18: "luggage;"
- Class 21: "toilet brushes;"
- Class 24: "mosquito nets" and "table linen;"
- Class 25: "masquerade costumes;"
- Class 28: "Christmas tree ornaments;"
- Class 29: "crystallized fruit;"
- Class 30: "farinaceous food pastes;"
- Class 31: "live animals;"
- Class 32: "beer;"
- Class 33: "cherry brandy;"
- Class 34: "cigarette lighters;"
- Class 35: "administration of cultural and education exchange programs;"
- Class 36: "art appraisal services;"
- Class 38: "cellular telephone services;"
- Class 39: "vehicle towing;"
- Class 41: "amusement parks" and "book rental;" and
- Class 42: "dating services" and "medical services."

      25.     In response to the PTO Office Actions initially refusing registration of its

applications, Loufrani subsequently disclaimed "the right to use the representation of a smiling

face apart from the mark as shown." Loufrani did not disclaim the right to use the word "SMILEY" apart from the mark as shown.

26. Loufrani's Application Serial No 75/977,376 was published for opposition on May 22, 2001. After extending the time within which to oppose registration, Wal-Mart filed a Notice of Opposition on September 17, 2001, opposing the registration of the Loufrani Smiley Face Design, ("Opposition No. 91/150,278"), on the grounds that, because the Loufrani Smiley Face Design was a ubiquitous icon that does not distinguish Loufrani's hundreds of goods and services from the goods and/or services of others, it does not and could not function as a trademark. Additionally, Wal-Mart asserted that, because a smiley face design could function as a trademark upon the development of secondary meaning, those rights belonged to Wal-Mart as a result of its continuous and prominent use of its Mr. Smiley Mark since at least as early as January 1996 in connection with its retail store operations.

27. Loufrani's other application, Application Serial No. 75/302,439, was not published for opposition until December 10, 2002. On January 6, 2003, Wal-Mart filed a notice of opposition to this application to register the Loufrani Smiley Face Design ("Opposition No. 91/154,632").

28. Meanwhile, on October 3, 2001, Wal-Mart filed its own application (Application Serial No. 76/320,301) to register its Mr. Smiley Mark in Class 35 for retail store operations. That application was published for opposition on March 5, 2002. After extending the time within which to oppose, Loufrani filed a Notice of Opposition to Wal-Mart's application on May 22, 2002 ("Opposition No. 91/152,145").

29.     On January 8, 2003, the TTAB consolidated Opposition Nos. 91/150,278 and 91/154,632 filed by Wal-Mart, and Opposition No. 91/152,145 filed by Loufrani (the "Consolidated Opposition").

30.     In the Consolidated Opposition, the parties engaged in extensive discovery and testimony, which included written discovery, document productions, fact depositions and expert testimony.  Once the discovery and testimonial phases were completed, Wal-Mart and Loufrani fully briefed their respective positions regarding the Wal-Mart Mr. Smiley Mark and the Loufrani Smiley Face Design.  The TTAB heard oral arguments on January 14, 2009.

31.     On March 20, 2009, the TTAB issued its written opinion, sustaining Wal-Mart's two oppositions (Oppositions Nos. 91/150,278 and 91/154,632) to the registration of the Loufrani Smiley Face Design, and dismissing Loufrani's opposition (Opposition No. 91/152,145) to the registration of Wal-Mart's Mr. Smiley Mark.

32.     The TTAB first found that "the 'smiling face' design is a ubiquitous, non-inherently distinctive design."  (TTAB Decision, attached to the Complaint as Exhibit A, at 12.)

33.     Regarding the Loufrani Smiley Face Design, the TTAB found that "Loufrani's admission that the design is ubiquitous and his disclaimer of the design applies to all [of the hundreds of] classes in his applications.  Therefore, we are not left to speculate about whether the smiling face design is distinctive for any of the classes of goods or services.  Loufrani admits it is not."  (Exhibit A at 21.)  The TTAB thus sustained Wal-Mart's oppositions to the registration of the Loufrani Smiley Face Design "because Loufrani has not shown that his marks have acquired distinctiveness."  (Exhibit A at 21-22.)

34.     On the other hand, the TTAB determined that the Wal-Mart Mr. Smiley Mark had become a distinctive source identifier of its retail store operations. The TTAB held that, "because of the very extensive use and advertisement of the smiling face design for Wal-Mart's retail department store services, [Wal-Mart's] mark acquired secondary meaning for retail department store services prior to applicant's priority date [of June 3, 1997]." (Exhibit A at 16.) Among the factors cited in support of this conclusion, the TTAB emphasized that the amount of money Wal-Mart spent on its rollback campaign was "truly impressive." The TTAB also found that Wal-Mart had used its Mr. Smiley Mark in advertising circulars, on interior Wal-Mart signage, for Wal-Mart's in-store television network, and on buttons, balloons and vests worn by store employees, as well as in prime time network and cable television advertising.

35.     The TTAB also addressed Wal-Mart's likelihood of confusion claim. The TTAB held that Loufrani's use of its Smiley Face Design on the goods identified in Classes 3, 4, 8, 9, 14, 16, 18, 21, 24, 15, and 28-34 would create a likelihood of confusion with Wal-Mart's use of its Mr. Smiley Mark in Class 35 for retail store operations. (Exhibit A at 30.) Although the TTAB did not hold that there would be a likelihood of confusion created by Loufrani's use of its Smiley Face Design for the services identified in Classes 35-39, 41 and 42, the TTAB also sustained Wal-Mart's opposition against these classes as well because the Loufrani Smiley Face Design lacks distinctiveness.

### COUNT I
### Declaratory Judgment
### (Affirming the TTAB Decision)

36.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 35, above.

37.     On March 20, 2009, the TTAB issued its order that: (1) sustained Wal-Mart's Oppositions to Loufrani's applications to register the Loufrani Smiley Face Design; and (2) dismissed Loufrani's Opposition to Wal-Mart's Application to register Wal-Mart's Mr. Smiley Mark.

38.     The TTAB held that Wal-Mart established first use of its Mr. Smiley Mark no later than January 26, 1996, and that, even though the smiley face is not inherently distinctive, Wal-Mart had established secondary meaning through its extensive use and promotion of its Mr. Smiley Mark prior to Loufrani's claimed priority date of June 3, 1997.

39.     The TTAB held that, because the Loufrani Smiley Face Design was not inherently distinctive and had not acquired secondary meaning, it could not be registered for any class of goods or services.

40.     The TTAB also addressed Wal-Mart's claim in its Notice of Opposition that held that Loufrani's use of its Smiley Face Design would create a likelihood of confusion with Wal-Mart's Mr. Smiley Mark.  With respect to the goods Loufrani identified in Classes 3, 4, 8, 9, 14, 16, 18, 21, 24, 15, and 28-34, the TTAB agreed, holding that, *inter alia,* because of the overlap of products, Loufrani's use of its Smiley Face Design would create a likelihood of confusion with Wal-Mart's use of its Mr. Smiley Mark in Class 35 for retail store operations. Although the TTAB did not hold that there would be a likelihood of confusion created by Loufrani's use of its Smiley Face Design for the services identified in Classes 35-39, 41 and 42, the TTAB nevertheless sustained Wal-Mart's opposition against these classes because the Loufrani Smiley Face Design lacked distinctiveness and was thus unregisterable.

41.     The TTAB Decision was supported by the evidence adduced during the TTAB proceedings and by the applicable law.

42.     An actual and live controversy has arisen and currently exists between the parties regarding the whether the TTAB Decision is correct and should be upheld.

43.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that the TTAB Decision was correct in sustaining Wal-Mart's oppositions and dismissing Loufrani's opposition..

## COUNT II
### Declaratory Judgment
### (Trademark Infringement under Section 43(a) of the Lanham Act)

44.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 43, above.

45.     The Wal-Mart Mr. Smiley Mark is a valid and subsisting trademark, which in is full force and effect.  The Mr. Smiley Mark matured to registration on July 7, 2009, as Registration No.  3,649,099, a copy of which is attached hereto as **Exhibit 1.**  Under 15 U.S.C. § 1057(b) and 15 U.S.C. §1065, registration of Wal-Mart's Mr. Smiley Mark is *prima facie* evidence of the validity of this registration and of Wal-Mart's ownership of the Mr. Smiley Mark, and its exclusive right to use the Mr. Smiley Mark in connection with retail store operations.

46.     If Counter-Defendants were to begin use of the Loufrani Smiley Face Design on any of the goods and services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark.

Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would be a likelihood of confusion created by Counter-Defendants' use (and resulting registration) of the Loufrani Smiley Face Design.

47.     The Loufrani Smiley Face Design is confusingly similar, if not identical, to the Wal-Mart Smiley Mark.

48.     As a result of Wal-Mart's extraordinary advertising and promotional activities, its Mr. Smiley Mark had become a strong and distinctive trademark for Wal-Mart's retail store operations before Loufrani filed his intent-to-use application to register the Smiley Face Design as a trademark.

49.     Many of the goods and services identified in Loufrani's applications to register the Loufrani Smiley Face Design are identical or related to the goods and services offered by Wal-Mart under its Mr. Smiley mark for retail store operations. Loufrani identified over 1000 goods and services in 24 Classes. Wal-Mart sells over 1 million products in its retail and on-line stores. A small sampling of the overlapping goods and services includes the following:

- hair care products,
- dental care products,
- body and skin care products,
- personal care products,
- diapers and other baby products,
- medicine,
- cleaning supplies,
- clothing,
- grocery food and beverage products,
- alcoholic beverages,
- automotive products,
- school and office supplies,
- pet products,
- bed and table linens,
- computers,

- music CDs,
- lamps,
- rugs,
- cell phones,
- games and toys,
- cutlery,
- hand tools,
- gardening products,
- cigarette lighters,
- jewelry, and
- luggage.

50.     Counter-Defendants' use and/or licensing of the Smiley Face Design on the numerous goods and services identified in its intent-to-use applications would, and if used has, created confusion as to source, sponsorship or affiliation with Wal-Mart.  As such, Counter-Defendants' use and/or licensing of the Smiley Face Design would constitute, and if used or licensed, has constituted, and infringement of Wal-Mart's rights in its Mr. Smiley Mark,

51.     There will be an overlap in the customers of Wal-Mart and the intended users of the products and services Counter-Defendants purport to intend to offer under the Loufrani Smiley Face Design.  Wal-Mart's customer base covers persons across the county.  The vast majority of consumers are well familiar with Wal-Mart and its iconic Mr. Smiley Mark. Regardless of Loufrani's purported target market for the products and services identified in its applications, these consumers are virtually certain to include Wal-Mart customers.

52.     If used, the Loufrani Smiley Face Design is likely to cause confusion, mistake, and deception among the consumers as to the origin and quality of the products bearing the Loufrani Smiley Face Design.  There is likely to be confusion in the marketplace, as consumers are likely to believe that Counter-Defendants' products and activities are authorized by, licensed or endorsed by, or associated with Wal-Mart.

53.     Any attempt by Loufrani or The Smiley Company to use or license the Loufrani Smiley Face Design will constitute false designation of origin and passing off, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Such false designation of origin and passing off will damage Wal-Mart and will cause irreparable injury to the goodwill that Wal-Mart has built in its Mr. Smiley Mark at extraordinary expense.

55.     An actual and live controversy has arisen and currently exists between the parties regarding whether Counter-Defendants' use of the Loufrani Smiley Face Designs will constitute trademark infringement and false designation of origin under Section 43(a) of the Lanham Act.

56.     Wal-Mart desires a judicial declaration that the Counter-Defendants' use of the Loufrani Smiley Face Design will constitute trademark infringement and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1143(a).

57.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that the Loufrani Smiley Face Design, if used, will constitute trademark infringement of Wal-Mart's Mr. Smiley Mark and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C.§ 1143(a).

**COUNT III**
**Declaratory Judgment**
**(Trademark Infringement under Section 32 of the Lanham Act)**

58.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 57, above.

59.     The Wal-Mart Mr. Smiley Mark is a valid and subsisting trademark, which in is full force and effect.   The Mr. Smiley Mark matured to registration on July 7, 2009, as Registration No.  3,649,099, a copy of which is attached hereto as **Exhibit 1.**

60.     Under 15 U.S.C. § 1057(b) and 15 U.S.C. §1065, registration of Wal-Mart's Mr. Smiley Mark is *prima facie* evidence of the validity of this registration and of Wal-Mart's ownership of the Mr. Smiley Mark. If Counter-Defendants were to begin use, or if they have begun use, of the Loufrani Smiley Face Design on any of the goods and services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark.  Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would be a likelihood of confusion created by Counter-Defendants' use (and resulting registration) of the Loufrani Smiley Face Design.

61.     Loufrani's use of its Loufrani Smiley Face Design on the goods and services identified in its intent-to-use applications would be without the authorization of Wal-Mart, and would constitute an infringement of Wal-Mart's registered Mr. Smiley Mark.

62.     As set forth in paragraph 49 above, many of the goods and services identified in Loufrani's applications to register the Loufrani Smiley Face Design are identical or related to the goods offered by Wal-Mart in connection with the retail store operations provided under its registered Mr. Smiley Mark.

63.     There will be an overlap in the customers of Wal-Mart and the intended users of the products and services Counter-Defendants purport to intend to offer under the Loufrani Smiley Face Design.  Wal-Mart's customer base covers persons across the county.  The vast majority of consumers are well familiar with Wal-Mart and its iconic Mr. Smiley logo.

Regardless of Loufrani's purported target market for the products and services identified in its applications, these consumers are virtually certain to include Wal-Mart customers.

64.     If used, the Loufrani Smiley Face Design is likely to cause confusion, mistake, and deception among the consumers as to the origin and quality of the products bearing the Loufrani Smiley Face Design.  There is likely to be confusion as to source in the marketplace, between Counter-Defendants' products and activities and Wal-Mart's retail store operations, which its Mr. Smiley Mark has come to symbolize.

65.     An actual and live controversy has arisen and currently exists between the parties regarding whether Counter-Defendants' intended use of the Loufrani Smiley Face Design will constitute, or if use has begun, constitutes trademark infringement of Wal-Mart's registered Mr. Smiley Mark under Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

66.     Not only will Wal-Mart be irreparably injured because of its loss of goodwill and reputation if Counter-Defendants' begin or continue to the Loufrani Smiley Face Design, Wal-Mart will suffer damages as a result of such infringement.

67.     Wal-Mart desires a judicial declaration from this Court that any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants will constitute, or if such use or licensing has begun, constitutes law trademark infringement of Wal-Mart's Mr. Smiley Mark under Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

68.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that the use by Counter-Defendants of the Loufrani Smiley Face Design will infringe, and if used, has

infringed Wal-Mart's rights in its registered Mr. Smiley Mark under Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

### COUNT IV
**Declaratory Judgment**
**(Common Law Trademark Infringement)**

69.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 68, above.

70.     Wal-Mart owns a common law trademark throughout the United States, including in the State of Illinois, for its Mr. Smiley Mark in connection with retail store operations.

71.     The Loufrani Smiley Face Design is confusingly similar, if not identical, to the Wal-Mart Smiley Mark.

72.     If Counter-Defendants were to begin use, or if they have begun use, of the Loufrani Smiley Face Design on any of the goods and services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark.  Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would be a likelihood of confusion created by Counter-Defendants' use (and resulting registration) of the Loufrani Smiley Face Design.

73.     Loufrani's use of its Loufrani Smiley Face Design on the goods and services identified in its intent-to-use applications would be without the authorization of Wal-Mart, and would constitute an infringement of Wal-Mart's Mr. Smiley Mark.

74.     As set forth in paragraph 49 above, many of the goods and services identified in Loufrani's applications to register the Loufrani Smiley Face Design are identical or related to the

goods and services offered by Wal-Mart in connection with the retail stores services provided under its Mr. Smiley Mark.

75.     There will be an overlap in the customers of Wal-Mart and the intended users of the products and services Counter-Defendants purport to intend to offer under the Loufrani Smiley Face Design.  Wal-Mart's customer base covers persons across the county.  The vast majority of consumers are well familiar with Wal-Mart and its iconic Mr. Smiley logo. Regardless of Loufrani's purported target market for the products and services identified in its applications, these consumers are virtually certain to include Wal-Mart customers.

76.     If used, the Loufrani Smiley Face Design is likely to cause confusion, mistake, and deception among the consumers as to the origin and quality of the products bearing the Loufrani Smiley Face Design.  There is likely to be confusion in the marketplace, as consumers are likely to believe that Counter-Defendants' products and activities are authorized by, licensed or endorsed by, or associated with Wal-Mart.

77.     An actual and live controversy has arisen and currently exists between the parties regarding whether Counter-Defendants' intended use of the Loufrani Smiley Face Design will constitute, or if use has begun, constitutes trademark infringement of Wal-Mart's Mr. Smiley Mark.

78.     Not only will Wal-Mart be irreparably injured because of its loss of goodwill and reputation if Counter-Defendants' begin or continue to use the Loufrani Smiley Face Design, Wal-Mart will suffer damages as a result of such infringement.

79.     Wal-Mart desires a judicial declaration from this Court that any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants will constitute, or if such use or licensing has begun, constitutes common law trademark infringement of Wal-Mart's common law rights in its Mr. Smiley Mark.

80.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that the use by Counter-Defendants of the Loufrani Smiley Face Design will infringe, and if used, has infringed Wal-Mart's common law rights in its Mr. Smiley Mark.

<u>**COUNT V**</u>
**Declaratory Judgment**
**(Illinois Uniform Deceptive Trade Practices Act)**

81.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 80, above.

82.     Wal-Mart owns valid trademark rights in its Mr. Smiley Mark, which is registered as Reg. No. 3,649,099.

83.     If Counter-Defendants were to begin use or licensing of the Loufrani Smiley Face Design in connection with the goods and services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark.  Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would be a likelihood of confusion created by Counter-Defendants' use (and resulting registration) of the Loufrani Smiley Face Design.

84.     If Counter-Defendants use or license the Loufrani Smiley Face Design, it will constitute, or if they have used or licensed this mark, it constitutes, deceptive trade practices

under Illinois law, 815 ILCS 510/1, *et seq.* Counter-Defendants' intended infringement of the Wal-Mart Mr. Smiley Mark will cause, and if use has begun, is causing, confusion or misunderstanding among the consuming public as to the affiliation, connection or association between Wal-Mart and the Counter-Defendants as to the sponsorship or approval by Wal-Mart of Counter-Defendants' products and/or services bearing the Loufrani Smiley Face Design.

85.     Wal-Mart and the public are likely to be irreparably damaged, and if use has begun, are being irreparably damaged, as a result of Counter-Defendants' use or licensing of the Loufrani Smiley Face Design.

86.     An actual and live controversy has arisen and currently exists between the parties regarding the likelihood of confusion or misunderstanding among the consuming public as to the affiliation, connection or association between Wal-Mart and the Counter-Defendants as to the sponsorship or approval by Wal-Mart of Counter-Defendants' products bearing the Loufrani Smiley Face Design.

87.     Wal-Mart seeks a judicial declaration from this Court that any use or licensing by Counter-Defendants of the Loufrani Smiley Face Design will constitute, and if use or licensing has begun, constitutes, a violation of the Illinois Uniform Deceptive Trade Practices Act.

88.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that Counter-Defendants' use or licensing of the Loufrani Smiley Face Design will constitute a violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1, *et seq.*).

## COUNT VI
### Declaratory Judgment
### (Illinois Consumer Fraud and Deceptive Business Practices Act
### (815 ILCS 505/1, *et seq.*))

89.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 88, above.

90.     Wal-Mart's Mr. Smiley Mark is a valid and enforceable trademark for Wal-Mart's retail store operations and is registered as Reg. No. 3,649,099.

91.     If Counter-Defendants were to begin use of Loufrani Smiley Face Design on the goods and/or services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark. Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would be a likelihood of confusion created by Counter-Defendants' use (and intended registration) of the Loufrani Smiley Face Design.

92.     Any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants will constitute unfair competition and unfair or deceptive acts or practices under Illinois law, 815 ILCS 505/1, *et seq.*  Any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants will cause confusion or misunderstanding among the consuming public as to the affiliation, connection or association between Wal-Mart and Counter-Defendants and/or the sponsorship or approval by Wal-Mart of any products licensed, manufactured, distributed or sold by Counter-Defendants bearing the Loufrani Smiley Face Design.

93.     An actual and live controversy has arisen and currently exists between the parties regarding the likelihood that Counter-Defendants' use or licensing of the Loufrani Smiley Face Design will cause, and if used has caused, confusion or misunderstanding among the consuming public as to the affiliation, connection or association between Wal-Mart and Counter-Defendants and/or the sponsorship or approval by Wal-Mart of any products licensed, manufactured, distributed or sold by Counter-Defendants bearing the Loufrani Smiley Face Design.

94.     Wal-Mart desires a judicial declaration by this Court that any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants will constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, as set forth at 815 ILCS 505/1, *et seq.*

**WHEREFORE**, Wal-Mart Stores, Inc. prays that this Court enter judgment for Wal-Mart and against Loufrani and The Smiley Company as follows:

A.     Denying the relief sought in the Complaint, and dismissing the Complaint in its entirety and with prejudice;

B.     Declaring that the TTAB Decision sustaining Wal-Mart's oppositions to Loufrani's trademark applications and dismissing Loufrani's opposition to Wal-Mart's trademark application was correct in all respects and should be upheld;

C.     Declaring that The TTAB correctly sustained Wal-Mart's oppositions to the registration of the Loufrani Smiley Face Design;

D.     Declaring that The TTAB correctly dismissed Loufrani's opposition to the registration of the Wal-Mart Mr. Smiley Mark;

E.     Declaring that the Counter-Defendants' adoption and use of the Loufrani Smiley Face Design in connection with the goods and services identified in Loufrani's intent-to-use applications would constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act;

F.     Declaring that the Counter-Defendants' adoption and use of the Loufrani Smiley Face Design in connection with the goods and services identified in Loufrani's intent-to-use applications would infringe Wal-Mart's registered Mr. Smiley Trademark, in violation of Section 32 of the Lanham Act;

G.      Declaring that the Counter-Defendants' adoption and use of the Loufrani Smiley Face Design in connection with the goods and services identified in Loufrani's intent-to-use applications would infringe Wal-Mart's common law rights in the Mr. Smiley Trademark;

H.      Declaring that the Counter-Defendants' adoption and use of the Loufrani Smiley Face Design in connection with the goods and services identified in Loufrani's intent-to-use applications would constitute deceptive trade practices under Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*;

I.      Declaring that the Counter-Defendants' adoption and use of the Loufrani Smiley Face Design in connection with the goods and services identified in Loufrani's intent-to-use applications would constitute unfair competition and unfair or deceptive acts or practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*; and

J.      Awarding Wal-Mart such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 13, 2009

By: /s/ Wendi E. Sloane
     Robert E. Shapiro (#03125180)
     Wendi E. Sloane (#06183926)
     Rebecca Ray (#06283807)
     BARACK FERRAZZANO
     KIRSCHBAUM & NAGELBERG LLP
     200 W. Madison Street, Suite 3900
     Chicago, Illinois 60606
     (312) 984-3100 (phone)
     (312) 984-3150 (fax)

     *Counsel for Defendant*
     Counterclaim-Plaintiff
     WAL-MART STORES, INC.