**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANKLIN LOUFRANI, an individual, ) | |
| and ) | |
| THE SMILEY COMPANY SPRL, ) | |
| a Belgian Company, ) | |
| ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | |
| ) | Case No. 09 CV 3062 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| WAL-MART STORES, INC. ) | Magistrate Geraldine Soat Brown |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiffs/Counter-Defendants Franklin Loufrani and The Smiley Company SPRL (collectively, "Loufrani") and Defendant/Counter-Plaintiff Wal-Mart Stores, Inc. ("Wal-Mart"), hereby submit their Joint Initial Status Report as follows:

1. **Attorneys of Record**

   FRANKLIN LOUFRANI and
   THE SMILEY COMPANY SPRL
   Plaintiffs/Counter-Defendants
   Steven L. Baron
   Natalie L. Harris
   Lindsay H. Lavine
   **MANDELL MENKES LLC**
   333 West Wacker Drive, Suite 300
   Chicago, Illinois  60606
    (312) 251-1000 (Phone)
    (312) 251-1010 (Fax)

   WAL-MART STORES, INC.
   Defendant/Counter-Plaintiff
   Robert E. Shapiro
   Wendi E. Sloane
   Rebecca Ray

**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100 (Phone)
(312) 984-3150 (Fax)

2. **Basis for Federal Jurisdiction**

This Court has subject matter jurisdiction over:

(1) the Complaint pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, including, Section 21(b)(1) and 39(a) of the Lanham Act, 15 U.S.C. §1071(b)(1) and 1121(a); and

(2) the Counterclaim pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§1501 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §2201. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to the Counterclaim claims arising under state law.

3. **Nature of Claims Asserted in Complaint and Counterclaim**

<u>Nature of Claims in the Complaint</u>

On March 20, 2009, a Trademark Trial and Appeal Board (TTAB) panel sustained Wal-Mart's trademark oppositions based on Wal-Mart's federal trademark application serial no. 76/320,901 for its design mark[1] ("Wal-Mart Mark") against registration of Loufrani's federal trademark applications for the SMILEY and Design Mark[2] ("SMILEY and Design Mark") for various goods and services. In sustaining Wal-Mart's opposition, the TTAB found that Loufrani's Smiley and Design Mark was descriptive, not inherently distinctive. In addition, the

---

[1]  Wal-Mart Mark

[2]  SMILEY and Design Mark

TTAB found that a likelihood of confusion exists between Loufrani's SMILEY and Design Mark and the Wal-Mart Mark. The TTAB also dismissed Loufrani's opposition against registration of the Wal-Mart Mark, finding that Wal-Mart had acquired distinctiveness in the Wal-Mart Mark before Loufrani filed his applications for the SMILEY and Design Mark. Loufrani (1) claims that the TTAB March 20, 2009 decision (the "TTAB Decision") was erroneous and not supported either by the law or the evidence in this matter and (2) seeks an order from the Court (i) finding that the Smiley and Design Mark is distinctive and that the SMILEY word element is not the legal equivalent or descriptive of the Happy Face Design element of plaintiffs' Smiley and Design Mark (the "Happy Face Design"); (ii) reversing the portion of the TTAB Decision finding a likelihood of confusion between the Wal-Mart Mark and the SMILEY and Design Mark; (iii) directing the USPTO to issue a notice of allowance for Loufrani application serial nos. 75/302,439 and 75/977,376 for the SMILEY and Design Marks; and (iv) reversing and vacating the portion of the TTAB Decision finding that Wal-Mart had acquired distinctiveness in the Wal-Mart Mark before Loufrani filed his applications for the SMILEY and Design Mark and (v) granting Loufrani's opposition.

Nature of Claims Asserted in Counterclaim

Wal-Mart seeks a declaration that (i) the TTAB Decision was correct in all respects and should be upheld; (ii) Loufrani's adoption and use of the SMILEY and Design Mark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act; (iii) Loufrani's adoption and use of the SMILEY and Design Mark would infringe the Wal-Mart Mark in violation of Section 32 of the Lanham Act; (iv) plaintiffs' adoption and use of the SMILEY and Design Mark infringes Wal-Mar's common law rights in the Wal-Mart Mark; (v) Loufrani's adoption and use of the SMILEYand Design Mark constitutes deceptive trade

practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*. and (vi) Loufrani's use of the SMILEY and Design Mark constitutes unfair competition and unfair or deceptive acts or practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.

**4.      Parties Not Yet Served.**

   None.

**5.      Principal Legal Issues.**

The parties refer to Section 3 herein.

**6.      Principal Factual Issues.**

● Whether Loufrani had a *bona fide* intent to use the SMILEY and Design Mark

● Whether Loufrani can establish use of registered SMILEY marks

● Whether Loufrani can establish the long-standing and ubiquitous use of the Wal-Mart Mark and other indistinguishable Happy Face Designs for a wide variety of goods and services

● Whether the word mark SMILEY is equivalent to the Wal-Mart Mark or other Happy Face Designs

● Whether Wal-Mart acquired secondary meaning in the Wal-Mart Mark prior to Loufrani's filing his intent-to-use applications for the SMILEY and Design Marks

● Whether there is a likelihood of confusion between the SMILEY and Design Marks and the Wal-Mart Mark

● Whether Loufrani's SMILEY and Design Marks are distinct.

**7.      Jury Trial Expectation.**

Neither party has an expectation of a jury trial.

**8.      Discovery Taken to Date and Anticipated Future Discovery.**

No discovery has been taken to date in connection with this civil appeal. In connection with the underlying TTAB proceedings, however, the parties exchanged Interrogatories and Document Requests and took the testimonial depositions of witnesses Troy David Steiner, Gary F. Scholtes, Michael Rappeport and Megha Desai. In connection with this civil appeal, the parties anticipate the need to exchange additional written discovery related to the factual issues set forth in Section 6 herein as well as to take additional fact and expert witness depositions.

9. **Expected Trial Date and Length of Trial**.

The parties anticipate being ready for trial in approximately one year and expect the bench trial to last approximately seven court days.

10. **Consent to Proceed Before Magistrate Soat Brown**.

At this time the parties have not consented to proceed before a magistrate.

11. **Status of Settlement Discussion/Request for Settlement Conference**.

The parties have not engaged in settlement discussions in connection with this civil appeal and, in light of the nature of the matter, do not anticipate that a settlement conference would be fruitful at this time. The parties remain ready and willing to pursue settlement negotiations as this matter proceeds, as appropriate.       Respectfully submitted,

| FRANKLIN LOUFRANI and THE SMILEY COMPANY SPRL | WAL-MART STORES, INC. |
|---|---|
| **By:** /Steven L. Baron/ <br> Steven L. Baron <br> Natalie L. Harris <br> Lindsay H. Lavine <br> **MANDELL MENKES LLC** <br> 333 West Wacker Drive, Suite 300 <br> Chicago, Illinois 60606 <br> (312) 251-1000 (Phone) <br> (312) 251-1010 (Fax) | **By:** /Rebecca Ray <br> Robert E. Shapiro <br> Wendi E. Sloane <br> Rebecca Ray <br> **BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP** <br> 200 West Madison Street, Suite 3900 <br> Chicago, Illinois 60606 <br> (312) 984-3100 (Phone) <br> (312) 984-3150 (Fax) |

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused the parties **Joint Initial Status Report** to be served on:

>Robert E. Shapiro
>Wendi E. Sloane
>Rebecca Ray
>**Barack Ferrazzano Kirschbaum**
>**& Nagelberg   LLP**
>200 West Madison, Suite 3900
>Chicago, Illinois 60606

via CM/ECF this 19th day of August, 2009.

>_____/s/ Steven L. Baron_____
>        Steven L. Baron

#177197.1