IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN LOUFRANI, an individual, and THE SMILEY COMPANY SPRL, a Belgian Company, )<br><br>Plaintiffs/Counter-Defendants, )<br><br>v. )<br><br>WAL-MART STORES, INC. )<br><br>Defendant/Counter-Plaintiff. ) | Case No. 09 CV 3062<br><br>Judge Virginia M. Kendall<br>Magistrate Geraldine Soat Brown |

**RULE 12(b)(6) MOTION TO DISMISS COUNTS II-VI OF WAL-MART'S COUNTERCLAIM**

Plaintiffs/Counter-Defendants Franklin Loufrani ("Loufrani") and The Smiley Company SPRL ("Smiley Co.") (collectively, "Plaintiffs"), hereby moves to dismiss Counts II through VI of Defendant/Counter-Plaintiff Wal-Mart Stores, Inc.'s ("Defendant) Counterclaim pursuant to FED. R. CIV. P. 12(b)(6). In support of their motion, Plaintiffs state as follows:

1. Defendant filed a six-count Counterclaim against Plaintiffs seeking a declaratory judgment for a variety of hypothetical claims.

2. Defendant requests declaratory relief affirming the Trademark Trial and Appeal Board (TTAB)'s decision (Count I). Plaintiffs do not challenge the sufficiency of the pleading of this count. In addition, however, Defendant seek a declaration that *if* Plaintiffs were to use the subject trademark, which is presently the subject of an intent-to-use application, their conduct *would* constitute: a violation Section 43(a) of the Lanham Act (Count II), trademark infringement under Section 32 of the Lanham Act (Count III), common law trademark infringement (Count IV), violations of the Illinois Uniform Deceptive Trade Practices Act

(Count V) and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count VI).

3. Plaintiffs move to dismiss Counts II through VI of the Counterclaim because there is no actual case or controversy as required by 28 U.S.C. § 2201 (a) and Article III, Section 2 of the U.S. Constitution. Defendant cannot predicate its claims on Plaintiffs' mere intention to use a mark. When there are no facts alleged to indicate an active case or controversy, the Court need not take Defendant's conclusory statements at face value

4. Further, Counts II through VI of the Counterclaim should be dismissed because the TTAB's finding on likelihood of confusion findings is limited to a determination of whether a trademark is capable of registration. Defendant impermissibly seeks an advisory opinion from the Court that any hypothetical future use of the mark would constitute trademark infringement and various other violations of State and Federal law.

5. Finally, Count VI is also deficient because Defendant has not alleged that it has suffered actual damages as required under the Illinois Consumer Fraud and Deceptive Business Practices Act.

6. In further support of this Motion, Plaintiffs have filed a memorandum of law which they incorporate by reference.

WHEREFORE, Franklin Loufrani and The Smiley Company SPRL respectfully request that this Court grant their motion to dismiss Defendant's Counterclaim with prejudice and award any other relief the Court deems proper.

                                                Respectfully submitted,

                                                **FRANKLIN LOUFRANI and THE SMILEY COMPANY SPRL**

Dated: September 2, 2009                      By:\_\_/Steven L. Baron_____
                                                               One of their attorneys

Steven L. Baron (#6200868)
Natalie A. Harris (#6272361)
Lindsay H. LaVine (#6291725)
MANDELL MENKES LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 251-1000

*Counsel for Plaintiffs/Counter-Defendants*