# EXHIBIT A

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Baxley

Mailed: June 21, 2007

Opposition No. 91150278
Opposition No. 91154632

Wal-Mart Stores, Inc.

v.

Franklin Loufrani

Opposition No. 91152145

Franklin Loufrani

v.

Wal-Mart Stores, Inc.

**Andrew P. Baxley, Interlocutory Attorney:**

In Opposition Nos. 91150278 and 91154632, Wal-Mart opposes registration of Loufrani's SMILEY and design mark on ground that the mark is incapable of functioning as a trademark. If Loufrani's mark is capable of functioning as a mark, Wal-Mart, in the alternative, opposes registration of that mark on the ground of likelihood of confusion with its previously used design mark.

In its brief on the case as plaintiff in Opposition Nos. 91150278 and 91154632, Wal-Mart asks that registration of Loufrani's mark be refused on both of its pleaded grounds and on the unpleaded ground that Loufrani's involved

Opposition Nos. 91150278, 91152145, and 91154632

applications are void *ab initio* because Loufrani lacks a *bona fide* intent to use his mark in commerce.

On August 14, 2006, concurrently with his brief on the case as defendant in Opposition Nos. 91150278 and 91154632 and as plaintiff in Opposition No. 91152145, Franklin Loufrani ("Loufrani") filed a motion for leave to introduce evidence outside of his testimony period or, in the alternative, to reopen his testimony period for purposes of introducing testimony regarding his bona fide intent to use his involved mark in commerce. Wal-Mart Stores, Inc. ("Wal-Mart") incorporated into its brief in response to Loufrani's motion a combined cross-motion to amend the pleadings to conform to the evidence under Fed. R. Civ. P. 15(a) and to reopen discovery and testimony periods for the limited purpose of taking discovery with regard to Loufrani's *bona fide* intent to use the mark. The motions have been fully briefed.

The Board generally does not decide motions to amend the pleadings to conform to the evidence until final hearing. See TBMP Section 507.03(b) (2d ed. rev. 2004). However, because each party seeks to reopen the discovery and/or testimony periods herein, the Board will decide to amend the pleadings to conform to the evidence at this time.

Fed. R. Civ. P. 15(b), as made applicable by Trademark Rule 2.116(a), provides in pertinent part that:

2

**Opposition Nos. 91150278, 91152145, and 91154632**

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time .... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. ....

With respect thereto, TBMP Section 507.03(b) (2d ed. rev. 2004) provides in relevant portion that (footnotes omitted):

> When issues not raised by the pleadings are tried by the express or implied consent of the parties, ... the Board will treat them in all respects as if they had been raised in the pleadings. Any amendment of the pleadings necessary to cause them to conform to the evidence and to raise the unpleaded issues may be made upon motion of any party at any time ..., but failure to so amend will not affect the result of the trial of these issues.
>
> Implied consent to the trial of an unpleaded issue can be found only where the nonoffering party (1) raised no objection to the introduction of evidence on the issue, and (2) was fairly apprised that the evidence was being offered in support of the issue.

Wal-Mart does not assert that Loufrani expressly consented to trial of the unpleaded claim that Loufrani lacks a *bona fide* intent to use the mark in commerce. However, Wal-Mart did not seek refusal of registration of

3

Opposition Nos. 91150278, 91152145, and 91154632

Loufrani's mark on that ground until it filed its final brief on the case as plaintiff in Opposition Nos. 91150278 and 91154632. To allow Wal-Mart to raise that ground at this late stage would be patently unfair to Loufrani.[1] Accordingly, the Board finds that the unpleaded claim that Loufrani lacks a *bona fide* intent to use the mark in commerce was not tried by the implied consent of the parties. See *Riceland Foods Inc. v. Pacific Eastern Trading Corp.*, 26 USPQ2d 1883 (TTAB 1993). Inasmuch as the Board will not consider Wal-Mart's claim of no *bona fide* intent to use the mark, taking discovery and testimony in connection with that claim would serve no useful purpose.

In view thereof, Loufrani's motion for leave to introduce evidence outside of his testimony period or, in the alternative, to reopen his testimony period for purposes of introducing testimony regarding his *bona fide* intent to use his involved mark in commerce is denied. Wal-Mart's cross-motion to amend the pleadings to conform to the evidence and to reopen discovery and/or testimony periods for the limited purpose of taking discovery and/or testimony regarding Loufrani's *bona fide* intent to use the mark in commerce is also denied.

---

[1] Inasmuch as the information upon which Wal-Mart bases its claim of no bona fide intent to use appears to have been available to Wal-Mart for several years, Wal-Mart should have long since sought leave to amend its pleadings. See Fed. R. Civ. P. 15(a); TBMP Section 507.02(a) (2d ed. rev. 2004).

4

**Opposition Nos. 91150278, 91152145, and 91154632**

Proceedings herein are resumed. Remaining briefing herein is reset as follows.

| | |
|---|---|
| Brief for Wal-Mart as defendant in Opposition No. 91152145 and its reply brief (if any) as plaintiff in Opposition Nos. 91150278 and 91154632 shall be due: | 9/4/07 |
| Reply brief (if any) for Loufrani in Opposition No. 91152145 shall be due: | 9/19/07 |

An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

5