**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANKLIN LOUFRANI, an individual, and | ) | |
| THE SMILEY COMPANY SPRL, | ) | |
| a Belgian Company, | ) | |
| | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | Case No. 09 CV 3062 |
| v. | ) | |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**FRANKLIN LOUFRANI and THE SMILEY COMPANY SPRL's ANSWER AND
AFFIRMATIVE DEFENSES TO
WAL-MART STORES, INC.'S COUNTERCLAIM**

Franklin Loufrani and The Smiley Company SPRL ("collectively, Plaintiffs"), by and

through their attorneys, Mandell Menkes LLC, for their answer and affirmative defenses to Wal-

Mart Stores, Inc. ("Wal-Mart")'s Counterclaim, state as follows:

## NATURE OF THE DISPUTE

1.      Wal-Mart's counterclaims arise out the purported intent of Franklin Loufrani
("Loufrani") and The Smiley Company SPRL ("The Smiley Company," together, "Counter-
Defendants") to use and/or license a smiley-face design (the "Loufrani Smiley Face Design")
that is confusingly similar to, and if used would infringe, Wal-Mart's well-known registered Mr.
Smiley service mark (the "Mr. Smiley Mark"). The Mr. Smiley Mark consists of a smiley face in
the color yellow and appears as



follows:

**ANSWER:**      Plaintiffs deny the allegations contained in the first sentence of Paragraph 1.

Plaintiffs admit that Wal-Mart applied for the mark described in the second sentence but deny

that Wal-Mart applied for the mark "Mr. Smiley."

2.　　　Wal-Mart has used the Mr. Smiley Mark since at least as early as January 1996, using the Mr. Smiley Mark as a centerpiece of its advertising, including for its well-known "Rollback Campaign," which promotes Wal-Mart's sale prices for certain items sold in its retail stores. As a result of Wal-Mart's extensive use of the Mr. Smiley Mark in print and television advertising throughout the United States, the Mr. Smiley Mark became synonymous with Wal-Mart in a matter of months. On October 3, 2001, Wal-Mart filed an application with the United States Patent and Trademark Office (the "PTO") to register its Mr. Smiley Mark in Class 35 for retail store operations (Application Serial No. 76/320, 901).

**ANSWER:**　　Plaintiffs admit only that Wal-Mart filed an application with the United State

Patent and Trademark Office to register its mark in Class 35 for retail department store services

on October 3, 2001, serial no. 76/320,901.  Answering further, Plaintiffs lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph

2, and therefore deny the remaining allegations contained in Paragraph 2.

3.　　　On June 3, 1997, well after Wal-Mart began using the Mr. Smiley Mark, and after the public associated the Mr. Smiley mark with Wal-Mart's retail store operations, Loufrani filed an "intent-to-use" application under Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b) to

register  as a design mark (the "Loufrani Smiley Face Design"). The application covers over a thousand unrelated goods and services in 24 separate international Classes.

**ANSWER:**　　Plaintiffs admit only that Loufrani filed an intent-to-use application, serial no.

75/302,439, on June 3, 1997.  Plaintiffs deny the remaining allegations contained in Paragraph 3.

4.　　　Both Wal-Mart and Loufrani opposed each other's applications. These oppositions were consolidated before the Trademark Trial and Appeal Board ("TTAB"). The TTAB held that Wal-Mart's Mr. Smiley Mark had acquired secondary meaning before Loufrani filed his intent-to-use applications. The TTAB further determined that the Loufrani Smiley Face Design could not be registered because it had not acquired distinctiveness and therefore could not function as an indicator of source.  The TTAB also concluded that, with respect to the goods for which Loufrani sought registration, there was a likelihood of confusion with Wal-Mart's Mr. Smiley Mark.  Accordingly, the TTAB sustained Wal-Mart's opposition to the registration of the Loufrani Smiley Face Design, and dismissed Loufrani's opposition to the registration of Wal-

Mart's Mr. Smiley Mark. Counter-Defendants then filed an action under Section 21(b)(l) of the Lanham Act, 15 U.S.C. § 1071 (b)(1), seeking judicial review of a final decision of the TTAB.

**ANSWER:** Plaintiffs admit that Wal-Mart and Loufrani opposed each other's applications, which were subsequently consolidated before the Trademark Trial and Appeal Board ("TTAB"). Answering further, Plaintiffs admit that the TTAB found that: (1) Wal-Mart's mark had acquired secondary meaning and Loufrani failed to show that his marks had acquired distinctiveness. Plaintiffs admit that the TTAB sustained Wal-Mart's opposition to Loufrani's registration and dismissed Loufrani's opposition to Wal-Mart's registration. Answering further, Plaintiffs admit that they filed an action under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071 (b)(1) seeking judicial review of a final decision of the TTAB. Plaintiffs deny the remaining allegations contained in Paragraph 4.

5. Wal-Mart now files this Counterclaim, seeking judicial declarations that the TTAB's Decision was correct and that any use by the Counter-Defendants of the Loufrani Smiley Face Design would infringe Wal-Mart's registered Mr. Smiley Mark under both federal and state law, such the Counter-Defendants should be enjoined from using or licensing the Loufrani Smiley Face Design.

**ANSWER:** Plaintiffs state that Paragraph 5 consists of legal argument and conclusions to which no answer is required. Answering further, Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." To the extent Paragraph 5 requires an answer, Plaintiffs deny the allegations contained in Paragraph 5.

## PARTIES

6. Counter-Plaintiff Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas. 72616-8095.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the allegations contained in Paragraph 6 and therefore deny same.

7. On information and belief, Counter-Defendant Franklin Loufrani is a citizen of France.

**ANSWER:**    Plaintiffs admit the allegations contained in Paragraph No. 7.

8.    On information and belief, Counter-Defendant The Smiley Company SPRL purports to be a foreign limited liability company, with its principal place of business in Brussels, Belgium. Loufrani purported to assign its rights in the Loufrani Smiley Applications to The Smiley Company on June 22, 2008, during the pendency of the TTAB opposition proceedings.

**ANSWER:**    Plaintiffs admit the allegations contained in the first sentence of Paragraph 8.

Answering further, because Wal-Mart has not defined the "Loufrani Smiley Applications,"

Plaintiffs lack knowledge or information sufficient to form a belief about the truth of he

remaining allegations in Paragraph 8, and therefore deny the remaining allegations contained in

Paragraph 8.

## JURISDICTION AND VENUE

9.    This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. § 1501 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the claims arising under state law, which are so related to the federal claims brought herein as to form part of the same case or controversy. Moreover, this counterclaim arises out of the same transaction or occurrence set forth in the Complaint, is ancillary to the main action, and derives its jurisdictional basis from that supporting Counter-Defendants' claims. As such, it is a compulsory counterclaim under Fed. R. Civ. P. 13(a).

**ANSWER:**    Plaintiffs admit that this Court has original subject matter jurisdiction and

supplemental jurisdiction.  Plaintiffs deny the remaining allegations in Paragraph 9.

10.    This Court can enter the declaratory relief sought in this Counterclaim because this case presents an actual controversy and is within this Court's jurisdiction, as set forth in paragraph 9 above.

**ANSWER:**    Plaintiffs state that Paragraph 10 consists of legal argument and conclusions to

which no answer is required.  To the extent Paragraph 10 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 10.

11.     Venue is proper in this district because Counter-Defendants have waived any objection to venue or personal jurisdiction by bringing their claim under Section 2l(b)(l) of the Lanham Act, 15 U.S.C. § 1071(b)(1), against Wal-Mart in this Court.

**ANSWER:**     Plaintiffs admit only that venue is proper in this district.  Plaintiffs deny the remaining allegations contained in Paragraph 11.

## FACTUAL BACKGROUND

**A.     WAL-MART CREATES SECONDARY
        MEANING IN, ITS MR. SMILEY MARK.**

12.     Wal-Mart is one of the world's largest and most prominent retailers. Worldwide, Wal-Mart operates over 8000 retail outlets under 55 different banners in 15 counties, and employs more than 2.1 million associates. Its fiscal year 2009 sales exceeded $400 billion dollars. Here in the United States, Wal-Mart operates over 4250 retail stores, with over 2630 Supercenters, 880 discount stores and 600 Sam's Club stores across the country. Wal-Mart also operates an online retail store at www.walmart.com, which features over 1 million products.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore deny same.

13.     Wal-Mart sells an extraordinarily wide-ranging selection of products and services in its retail stores as well. Its Supercenters sell a wide variety of grocery items and household supplies in addition to the general merchandise available at the Wal-Mart discount stores, such as clothing, health and beauty aids, electronics, toys, lawn and garden items, jewelry, automotive products, school and office supplies, home furnishings, hardware, pet supplies, sporting goods, houseware products, pharmacy services and photo services, to name just a few of the many products and services available at a Wal-Mart store.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore deny same.

14.     Wal-Mart's corporate image is to provide consumers exceptional value for an enormous selection of goods and services. Its self-proclaimed purpose is to save people money so they can live better. A hallmark of Wal-Mart is its well-known "price rollback," wherein Wal-Mart offers temporary price reductions on various items by, among other things, using vendor rebates, negotiated volume purchases or seasonality. Wal-Mart also sponsors in numerous charitable and community activities through the Wal-Mart Foundation, including educational programs, military support, disaster relief, and medical assistance programs.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 14 and therefore deny same.

15.     At least as early as January 1996, Wal-Mart used its Mr. Smiley Mark in connection with its price rollback advertising campaign. To quickly foster the association in the minds of consumers between Wal-Mart and its Mr. Smiley Mark, Wal-Mart expended massive amount of resources to connect its Mr. Smiley Mark with Wal-Mart's retail store operations.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 15 and therefore deny same.  Answering further,

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

16.     Wal-Mart featured the Mr. Smiley Mark in national advertising circulars, as well as in commercials aired during prime time on all three network television stations, Fox, their local affiliates, and cable television stations, including CNN, Nickelodeon, and Art & Entertainment. As a result, in 1996, virtually every American household with a television is likely to have been exposed to Wal-Mart's Mr. Smiley Mark, often on multiple occasions.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 16 and therefore deny same.  Answering further,

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

17.     Wal-Mart also made sure that it reinforced this association in the minds of its customers when they entered a Wal-Mart store. Wal-Mart featured its Mr. Smiley Mark throughout its thousands of Wal-Mart retail stores including on its in-store television network, vests worn by employees, buttons, balloons, and in-store signage.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 17 and therefore deny same.  Answering further,

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

18.     Wal-Mart's extraordinary marketing campaign was successful. Within a short period of time, the public identified the Mr. Smiley Mark with Wal-Mart's retail store operations. Thus, before June of 1997, Wal-Mart's Mr. Smiley Mark had become a distinctive indicator of source for Wal-Mart's retail store operations and, as such, had acquired secondary meaning in the market.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 18 and therefore deny same.  Answering further,

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

19.     Wal-Mart's Mr. Smiley Mark has become so associated with Wal-Mart that the
news media often uses the Mr. Smiley Mark in its stories about Wal-Mart.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 19 and therefore deny same.  Answering further,

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

20.     Before Wal-Mart's adoption of the Mr. Smiley Mark to advertize its retail store
operations, the yellow smiley face was a ubiquitous design of uncertain origins. Wal-Mart's
sustained and extensive use and promotion of the Mr. Smiley Mark, however, quickly
transformed this design into an identification of source — essentially becoming an icon for Wal-
Mart's retail store operations.

**ANSWER:**     Plaintiffs admit that the mark that Wal-Mart identifies as the "Mr. Smiley Mark"

is a ubiquitous icon in the United States.  Answering further, Plaintiffs deny that Wal-Mart

applied for the mark "Mr. Smiley."  Plaintiffs deny the remaining allegations contained in

Paragraph 20.

21.     The Mr. Smiley Mark, and the goodwill associated therewith, is thus of
inestimable value to Wal-Mart.

**ANSWER:**     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 21 and therefore deny same.  Answering further,

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

**B.     LOUFRANI ATTEMPTS TO REGISTER ITS
          INFRINGING SMILEY MARK**

22.     On June 3, 2007, Loufrani filed an intent-to-use application, Application Serial
No. 75/302,439 to register the following mark in 24 International Classes (hereinafter referred to



SMILEY

as the "Loufrani Smiley Face Design"):                    . On March 28, 1998, Loufrani
requested that the PTO divide the application, so that the original application contains goods and
services in International Classes ("Classes") 16, 25, 28, 29, 30, 41 and 42. Application Serial No.
75/977,376 contains goods and services in Classes 3, 5, 8, 9, 14, 18, 21, 24, 31-36, 38 and 39.

**ANSWER:**     Plaintiffs admit that Loufrani filed an intent-to-use application (Ser. No.

75/302,439) and subsequently filed a request with the PTO to divide the application.  Answering

further, Plaintiffs deny that Loufrani applied to register 24 International Classes, and deny the

dates provided by Wal-Mart in the first and second sentences of Paragraph 22.  Plaintiffs deny

the remaining allegations of Paragraph 22.

23.     Loufrani purported to assign his applications to register the Loufrani Smiley Face
Design to The Smiley Company SPRL on June 22, 2008.

**ANSWER:**     Plaintiffs admit that Loufrani executed assignments for a number of his marks to

The Smiley Company SPRL on June 22, 2008.  Plaintiffs deny the remaining allegations

contained in Paragraph 23.

24.     The Loufrani applications asserted that Loufrani had a *bona fide* intent to use the
Loufrani Smiley Face Design in connection with over 1000 completely unrelated products and
services, many, but not all, of which overlap with products Wal-Mart offers for sale as its retail
and online stores, as is evident from the following examples

- Class 3: "artificial eyelashes" and "skin soap;"
- Class 5: "adhesive bandages" and "animal semen;"
- Class 8: "branding irons" and "hand tools;"
- Class 9: "contact lens cases" and "meteorological balloons;"
- Class 14: "precious gemstones;"
- Class 16: "school supplies;"
- Class 18: "luggage;"
- Class 21: "toilet brushes;"
- Class 24: "mosquito nets" and "table linen;"
- Class 25: "masquerade costumes;"
- Class 28: "Christmas tree ornaments;"

- Class 29: "crystallized fruit;"
- Class 30: "farinaceous food pastes;"
- Class 31: "live animals;"
- Class 32: "beer;"
- Class 33: "cherry brandy;"
- Class 34: "cigarette lighters;"
- Class 35: "administration of cultural and education exchange programs;"
- Class 36: "art appraisal services;"
- Class 38: "cellular telephone services;"
- Class 39: "vehicle towing;"
- Class 41: "amusement parks" and "book rental;" and
- Class 42: "dating services" and "medical services."

**ANSWER:** Plaintiffs admit that Loufrani filed his applications for trademark protection on an intent-to-use basis with the United States Patent & Trademark Office (USPTO). Answering further, Plaintiffs admit that Loufrani filed his applications with a bona fide intent to use the Smiley and Design Mark on a variety of products. Plaintiffs deny the remaining allegations of Paragraph 24.

25. In response to the PTO Office Actions initially refusing registration of its applications, Loufrani subsequently disclaimed "the right to use the representation of a smiling face apart from the mark as shown," Loufrani did not disclaim the right to use the word "SMILEY" apart from the mark as shown.

**ANSWER:** Plaintiffs admit that Loufrani disclaimed certain rights to the mark, but deny Wal-Mart's characterization of the disclaimer as accurate.

26. Loufrani's Application Serial No 75/977,376 was published for opposition on May 22, 2001. After extending the time within which to oppose registration, Wal-Mart filed a Notice of Opposition on September 17, 2001, opposing the registration of the Loufrani Smiley Face Design, ("Opposition No, 9 1/150,278"), on the grounds that, because the Loufrani Smiley Face Design was a ubiquitous icon that does not distinguish Loufrani's hundreds of goods and services from the goods and/or services of others, it does not and could not function as a trademark. Additionally, Wal-Mart asserted that, because a smiley face design could function as a trademark upon the development of secondary meaning, those rights belonged to Wal-Mart as a result of its continuous and prominent use of its Mr. Smiley Mark since at least as early as January 1996 in connection with its retail store operations.

**ANSWER:** Plaintiffs admit that Serial No. 75/977,376 was published for opposition on May 22, 2001. Answering further, Plaintiffs admit that Wal-Mart filed a Notice of Opposition on

September 17, 2001 (Opp. No. 91150278). Plaintiffs state that the Notice of Opposition speaks

for itself. Plaintiffs deny the remaining allegations contained in Paragraph 26.

27. Loufrani's other application, Application Serial No. 75/302,439, was not
published for opposition until December 10, 2002. On January 6, 2003, Wal-Mart filed a notice
of opposition to this application to register the Loufrani Smiley Face Design ("Opposition No.
91/154,632").

**ANSWER:** Plaintiffs admit that Application Ser. No. 75/302,439 was published for

opposition on December 10, 2002. Answering further, Plaintiffs admit that Wal-Mart filed a

notice of opposition on January 6, 2003, Opposition No. 91154632. Plaintiffs deny the

remaining allegations contained in Paragraph 27.

28. Meanwhile, on October 3, 2001, Wal-Mart filed its own application (Application
Serial No. 76/320,301) to register its Mr. Smiley Mark in Class 35 for retail store operations.
That application was published for opposition on March 5, 2002. After extending the time within
which to oppose, Loufrani filed a Notice of Opposition to Wal-Mart's application on May 22,
2002 ("Opposition No. 9 1/152,145").

**ANSWER:** Plaintiffs admit only that Wal-Mart filed an application to register its happy face

mark for retail department store services. Answering further, Plaintiffs admit that Loufrani filed

a Notice of Opposition to Wal-Mart's application on May 22, 2002 (Opposition No. 91152145).

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering further, Plaintiffs

deny the remaining allegations contained in Paragraph 28.

29. On January 8, 2003, the TTAB consolidated Opposition Nos. 91/150,278 and
91/154,632 filed by Wal-Mart, and Opposition No, 91/152,145 filed by Loufrani (the
"Consolidated Opposition").

**ANSWER:** Plaintiffs admit that on January 8, 2003, the TTAB consolidated Opposition Nos.

91150278 and 91152145. Answering further, Plaintiffs deny the remaining allegations contained

in Paragraph 29.

30. In the Consolidated Opposition, the parties engaged in extensive discovery and
testimony, which included written discovery, document productions, fact depositions and expert
testimony. Once the discovery and testimonial phases were completed, Wal-Mart and Loufrani

fully briefed their respective positions regarding the Wal-Mart Mr. Smiley Mark and the Loufrani Smiley Face Design.  The TTAB heard oral arguments on January 14, 2009.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs admit the remaining allegations contained in Paragraph 30.

        31.     On March 20, 2009, the TTAB issued its written opinion, sustaining Wal-Mart's two oppositions (Oppositions Nos. 91/150,278 and 91/154,632) to the registration of the Loufrani Smiley Face Design, and dismissing Loufrani's opposition (Opposition No. 91/152,145) to the registration of Wal-Mart's Mr. Smiley Mark.

**ANSWER:**     Plaintiffs admit the TTAB issued its written decision on March 20, 2009.

Answering further, Plaintiffs state that the TTAB's March 20, 2009 decision speaks for itself.

Planitiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Plaintiffs deny the remaining

allegations contained in Paragraph 31.

        32.     The TTAB first found that "the 'smiling face' design is a ubiquitous, non-inherently distinctive design." (TTAB Decision, attached to the Complaint as Exhibit A, at 12.)

**ANSWER:**     Plaintiffs state that the TTAB's March 20, 2009 decision speaks for itself.

Plaintiffs deny the remaining allegations contained in Paragraph 32.

        33.     Regarding the Loufrani Smiley Face Design, the TTAB found that "Loufrani's admission that the design is ubiquitous and his disclaimer of the design applies to all [of the hundreds of] classes in his applications. Therefore, we are not left to speculate about whether the smiling face design is distinctive for any of the classes of goods or services. Loufrani admits it is not." (Exhibit A at 21.) The TTAB thus sustained Wal-Mart's oppositions to the registration of the Loufrani Smiley Face Design "because Loufrani has not shown that his marks have acquired distinctiveness." (Exhibit A at 21-22.)

**ANSWER:**     Plaintiffs admit that the TTAB made a ruling as described in Paragraph 33, but

deny Wal-Mart's characterization of the quotation as accurate.

        34.     On the other hand, the TTAB determined that the Wal-Mart Mr. Smiley Mark had become a distinctive source identifier of its retail store operations. The TTAB held that, "because of the very extensive use and advertisement of the smiling face design for Wal-Mart's retail department store services, [Wal-Mart's] mark acquired secondary meaning for retail department store services prior to applicant's priority date [of June 3, 1997]." (Exhibit A at 16.) Among the factors cited in support of this conclusion, the TTAB emphasized that the amount of money Wal-Mart spent on its rollback campaign was "truly impressive." The TTAB also found that Wal-

Mart had used its Mr. Smiley Mark in advertising circulars, on interior Wal-Mart signage, for Wal-Mart's in-store television network, and on buttons, balloons and vests worn by store employees, as well as in prime time network and cable television advertising.

**ANSWER:**    Plaintiffs state that the TTAB's March 20, 2009 decision speaks for itself.

Answering further, Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley" and deny

the remaining allegations contained in Paragraph 34.

35.    The TTAB also addressed Wal-Mart's likelihood of confusion claim. The TTAB held that Loufrani's use of its Smiley Face Design on the goods identified in Classes 3, 4, 8, 9, 14, 16, 18, 21, 24, 15, and 28-34 would create a likelihood of confusion with Wal-Mart's use of its Mr. Smiley Mark in Class 35 for retail store operations. (Exhibit A at 30.) Although the TTAB did not hold that there would be a likelihood of confusion created by Loufrani's use of its Smiley Face Design for the services identified in Classes 35-39, 41 and 42, the TTAB also sustained Wal-Mart's opposition against these classes as well because the Loufrani Smiley Face Design lacks distinctiveness.

**ANSWER:**    Plaintiffs state that the TTAB's March 20, 2009 decision speaks for itself.

Answering further, Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley" and deny

the remaining allegations contained in Paragraph 35.

<u>**COUNT I**</u>
**Declaratory Judgment**
**(Affirming the TTAB Decision)**

36.    Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 35, above.

**ANSWER:**    Plaintiffs hereby incorporate by reference their answers to paragraphs 1 through

35 above as though fully set forth herein.

37.    On March 20, 2009, the TTAB issued its order that: (1) sustained Wal-Mart's Oppositions to Loufrani's applications to register the Loufrani Smiley Face Design; and (2) dismissed Loufrani's Opposition to Wal-Mart's Application to register Wal-Mart's Mr. Smiley Mark.

**ANSWER:**    Plaintiffs admit that the TTAB issued its decision on March 20, 2009.  Answering

further, Plaintiffs state that the decision speaks for itself.  Plaintiffs deny that Wal-Mart applied

for the mark "Mr. Smiley" and deny the remaining allegations contained in Paragraph 37.

38.     The TTAB held that Wal-Mart established first use of its Mr. Smiley Mark no later than January 26, 1996, and that, even though the smiley face is not inherently distinctive, Wal-Mart had established secondary meaning through its extensive use and promotion of its Mr. Smiley Mark prior to Loufrani's claimed priority date of June 3, 1997.

**ANSWER:**     Plaintiffs admit that the TTAB issued its decision on March 20, 2009.  Answering further, Plaintiffs state that the decision speaks for itself.  Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley" and deny the remaining allegations contained in Paragraph 38.

39.     The TTAB held that, because the Loufrani Smiley Face Design was not inherently distinctive and had not acquired secondary meaning, it could not be registered for any class of goods or services.

**ANSWER:**     Plaintiffs admit that the TTAB issued its decision on March 20, 2009.  Answering further, Plaintiffs state that the decision speaks for itself.  Plaintiffs deny the remaining allegations contained in Paragraph 39.

40.     The TTAB also addressed Wal-Mart's claim in its Notice of Opposition that held that Loufrani's use of its Smiley Face Design would create a likelihood of confusion with Wal-Mart's Mr. Smiley Mark. With respect to the goods Loufrani identified in Classes 3, 4, 8, 9, 14, 16, 18, 21, 24, 15, and 28-34, the TTAB agreed, holding that, *inter alia,* because of the overlap of products, Loufrani's use of its Smiley Face Design would create a likelihood of confusion with Wal-Mart's use of its Mr. Smiley Mark in Class 35 for retail store operations. Although the TTAB did not hold that there would be a likelihood of confusion created by Loufrani s use of its Smiley Face Design for the services identified in Classes 35-39, 41 and 42, the TTAB nevertheless sustained Wal-Mart's opposition against these classes because the Loufrani Smiley Face Design lacked distinctiveness and was thus unregisterable.

**ANSWER:**     Plaintiffs state that the TTAB's March 20, 2009 decision speaks for itself. Answering further, Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley" and deny the remaining allegations contained in Paragraph 40.

41.     The TTAB Decision was supported by the evidence adduced during the TTAB proceedings and by the applicable law.

**ANSWER:**     Plaintiffs state that Paragraph 41 consists of legal argument and conclusions to which no answer is required.  To the extent Paragraph 41 requires an answer, Plaintiffs deny the allegations contained in Paragraph 41.

42.     An actual and live controversy has arisen and currently exists between the parties regarding the whether the TTAB Decision is correct and should be upheld.

**ANSWER:**     Plaintiffs state that Paragraph 42 consists of legal argument and conclusions to

which no answer is required.  To the extent Paragraph 42 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 42.

43.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that the TTAB Decision was correct in sustaining Wal-Mart's oppositions and dismissing Loufrani's opposition..

**ANSWER:**     Plaintiffs admit only that Wal-Mart seeks a declaratory judgment from the court.

Answering further, Plaintiffs state that Paragraph 43 consists of legal argument and conclusions

to which no answer is required.  To the extent Paragraph 43 requires an answer, Plaintiffs deny

the allegations contained in Paragraph 43.

**COUNT II**
**Declaratory Judgment**
**(Trademark Infringement under Section 43(a) of the Lanham Act)**

44.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 43, above.

**ANSWER:**     Plaintiffs hereby incorporate by reference their answers to paragraphs 1 through

43 above as though fully set forth herein.

45.     The Wal-Mart Mr. Smiley Mark is a valid and subsisting trademark, which in is full force and effect. The Mr. Smiley Mark matured to registration on July 7, 2009, as Registration No. 3,649,099, a copy of which is attached hereto as Exhibit 1. Under 15 U.S.C. § 1057(b) and 15 U.S.C. §1065, registration of Wal-Mart's Mr. Smiley Mark is *prima facie* evidence of the validity of this registration and of Wal-Mart's ownership of the Mr. Smiley Mark, and its exclusive right to use the Mr. Smiley Mark in connection with retail store operations.

**ANSWER:**     Plaintiffs state that Paragraph 45 consists of legal argument and conclusions to

which no answer is required.  Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

To the extent Paragraph 45 requires an answer, Plaintiffs deny the allegations contained in

Paragraph 45.

46.     If Counter-Defendants were to begin use of the Loufrani Smiley Face Design on any of the goods and services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark. Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would he a likelihood of confusion created by Counter-Defendants' use (and resulting registration) of the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs state that Paragraph 46 consists of legal argument and conclusions to

which no answer is required.  Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

To the extent Paragraph 46 requires an answer, Plaintiffs deny the allegations contained in

Paragraph 46.

47.     The Loufrani Smiley Face Design is confusingly similar, if not identical, to the Wal-Mart Smiley Mark.

**ANSWER:**     Plaintiffs state that Paragraph 47 consists of legal argument and conclusions to

which no answer is required.  To the extent Paragraph 47 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 47.

48.     As a result of Wal-Mart's extraordinary advertising and promotional activities, its Mr. Smiley Mark had become a strong and distinctive trademark for Wal-Mart's retail store operations before Loufrani filed his intent-to-use application to register the Smiley Face Design as a trademark.

**ANSWER:**     Plaintiffs state that Paragraph 48 consists of legal argument and conclusions to

which no answer is required.  Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

To the extent Paragraph 48 requires an answer, Plaintiffs deny the allegations contained in

Paragraph 48.

49.     Many of the goods and services identified in Loufrani's applications to register the Loufrani Smiley Face Design are identical or related to the goods and services offered by Wal-Mart under its Mr. Smiley mark for retail store operations. Loufrani identified over 1000 goods and services in 24 Classes. Wal-Mart sells over 1 million products in its retail and on-line stores. A small sampling of the overlapping goods and services includes the following:

- hair care products,
- dental care products,
- body and skin care products,
- personal care products,
- diapers and other baby products,
- medicine,
- cleaning supplies,
- clothing,
- grocery food and beverage products,
- alcoholic beverages,
- automotive products,
- school and office supplies,
- pet products,
- bed and table linens,
- computers,
- music CDs,
- lamps,
- rugs,
- cell phones,
- games and toys,
- cutlery,
- hand tools,
- gardening products,
- cigarette lighters,
- jewelry, and
- luggage.

**ANSWER:**     Plaintiffs admit only that they applied for a number of goods and services in a variety of classes.  Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering further, Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 regarding Wal-Mart's product sales.  Plaintiffs deny the remaining allegations contained in Paragraph 49.

50.     Counter-Defendants' use and/or licensing of the Smiley Face Design on the numerous goods and services identified in its intent-to-use applications would, and if used has, created confusion as to source, sponsorship or affiliation with Wal-Mart. As such, Counter-Defendants' use and/or licensing of the Smiley Face Design would constitute, and if used or licensed, has constituted, and infringement of Wal-Mart's rights in its Mr. Smiley Mark.

**ANSWER:**     Plaintiffs state that Paragraph 50 consists of legal argument and conclusions to

which no answer is required.  Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

To the extent Paragraph 50 requires an answer, Plaintiffs deny the allegations contained in

Paragraph 50.

51.     There will be an overlap in the customers of Wal-Mart and the intended users of
the products and services Counter-Defendants purport to intend to offer under the Loufrani
Smiley Face Design. Wal-Mart's customer base covers persons across the county. The vast
majority of consumers are well familiar with Wal-Mart and its iconic Mr. Smiley Mark.
Regardless of Loufrani's purported target market for the products and services identified in its
applications, these consumers are virtually certain to include Wal-Mart customers.

**ANSWER:**     Plaintiffs state that Paragraph 51 consists of legal argument and conclusions to

which no answer is required.  Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."

Answering further, Plaintiffs lack knowledge or information sufficient to form a belief as to Wal-

Mart's customer base. To the extent Paragraph 51 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 51.

52.     If used, the Loufrani Smiley Face Design is likely to cause confusion, mistake,
and deception among the consumers as to the origin and quality of the products bearing the
Loufrani Smiley Face Design. There is likely to be confusion in the marketplace, as consumers
are likely to believe that Counter-Defendants' products and activities are authorized by, licensed
or endorsed by, or associated with Wal-Mart.

**ANSWER:**     Plaintiffs state that Paragraph 52 consists of legal argument and conclusions to

which no answer is required.  To the extent Paragraph 52 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 52.

53.     Any attempt by Loufrani or The Smiley Company to use or license the Loufrani
Smiley Face Design will constitute false designation of origin and passing off, in violation of
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:** Plaintiffs state that Paragraph 53 consists of legal argument and conclusions to which no answer is required. To the extent Paragraph 53 requires an answer, Plaintiffs deny the allegations contained in Paragraph 53.

54. Such false designation of origin and passing off will damage Wal-Mart and will cause irreparable injury to the goodwill that Wal-Mart has built in its Mr. Smiley Mark at extraordinary expense.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 54.

55. An actual and live controversy has arisen and currently exists between the parties regarding whether Counter-Defendants' use of the Loufrani Smiley Face Designs will constitute trademark infringement and false designation of origin under Section 43(a) of the Lanham Act.

**ANSWER:** Plaintiffs state that Paragraph 55 consists of legal argument and conclusions to which no answer is required. To the extent Paragraph 55 requires an answer, Plaintiffs deny the allegations contained in Paragraph 55.

56. Wal-Mart desires a judicial declaration that the Counter-Defendants' use of the Loufrani Smiley Face Design will constitute trademark infringement and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1143(a).

**ANSWER:** Plaintiffs admit that Wal-Mart seeks a judicial declaration from the court. Answering further, Plaintiffs deny the remaining allegations contained in Paragraph 56.

57. Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that the Loufrani Smiley Face Design, if used, will constitute trademark infringement of Wal-Mart's Mr. Smiley Mark and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. 1143(a).

**ANSWER:** Plaintiffs admit only that Wal-Mart seeks a declaratory judgment from the court. Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering further, Plaintiffs state that Paragraph 57 consists of legal argument and conclusions to which no answer is required. To the extent Paragraph 57 requires an answer, Plaintiffs deny the allegations contained in Paragraph 57.

## COUNT III
### Declaratory Judgment
### (Trademark Infringement under Section 32 of the Lanham Act)

58.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 57, above.

**ANSWER:**     Plaintiffs hereby incorporate by reference their answers to paragraphs 1 through

57 above as though fully set forth herein.

59.     The Wal-Mart Mr. Smiley Mark is a valid and subsisting trademark, which in is full force and effect. The Mr. Smiley Mark matured to registration on July 7, 2009, as Registration No. 3,649,099, a copy of which is attached hereto as **Exhibit 1.**

**ANSWER:**     Plaintiffs admit that Wal-Mart's mark was registered on July 7, 2009.  Plaintiffs

deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering further, Plaintiffs state that

Paragraph 59 consists of legal argument and conclusions to which no answer is required.  To the

extent Paragraph 59 requires an answer, Plaintiffs deny the remaining allegations contained in

Paragraph 59.

60.     Under 15 U.S.C. § 1057(b) and 15 U.S.C. §1065, registration of Wal-Mart's Mr. Smiley Mark is *prima facie* evidence of the validity of this registration and of Wal-Mart's ownership of the Mr. Smiley Mark. If counter-Defendants were to begin use, or if they have begun use, of the Loufrani Smiley Face Design on any of the goods and services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark. Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would be a likelihood of confusion created by Counter-Defendants' use (and resulting registration) of the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs state that Paragraph 60 consists of legal argument and conclusions to which no

answer is required.  To the extent Paragraph 60 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 60.

61.     Loufrani's use of its Loufrani Smiley Face Design on the goods and services identified in its intent-to-use applications would be without the authorization of Wal-Mart, and would constitute an infringement of Wal-Mart' s registered Mr. Smiley Mark.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs state that Paragraph 61 consists of legal argument and conclusions to which no

answer is required.  To the extent Paragraph 61 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 61.

62.     As set forth in paragraph 49 above, many of the goods and services identified in
Loufrani's applications to register the Loufrani Smiley Face Design are identical or related to the
goods offered by Wal-Mart in connection with the retail store operations provided under its
registered Mr. Smiley Mark.

**ANSWER:**     As set forth in their answer to Paragraph 49 above, Plaintiffs admit only that they

applied for a number of goods and services in a variety of classes.  Plaintiffs deny that Wal-Mart

applied for the mark "Mr. Smiley."  Answering further, Plaintiffs lack knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 49 regarding Wal-

Mart's product sales.  Plaintiffs deny the remaining allegations contained in Paragraph 49, and

by extension, Paragraph 62.

63.     There will be an overlap in the customers of Wal-Mart and the intended users of
the products and services Counter-Defendants purport to intend to offer under the Loufrani
Smiley Face Design. Wal-Mart's customer base covers persons across the county. The vast
majority of consumers are well familiar with Wal-Mart and its iconic Mr. Smiley logo.
Regardless of Loufrani's purported target market for the products and services identified in its
applications, these consumers are virtually certain to include Wal-Mart customers.

**ANSWER:**     Plaintiffs deny the allegations contained in the first sentence of Paragraph 63.

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Plaintiffs lack knowledge or

information sufficient to form a belief as to the remaining allegations contained in Paragraph 63.

64.     If used, the Loufrani Smiley Face Design is likely to cause confusion, mistake.
and deception among the consumers as to the origin and quality of the products bearing the
Loufrani Smiley Face Design. There is likely to be confusion as to source in the marketplace,
between Counter-Defendants' products and activities and Wal-Mart's retail store operations,
which its Mr. Smiley Mark has come to symbolize.

**ANSWER:** Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering

further, Plaintiffs state that Paragraph 64 consists of legal argument and conclusions to which no

answer is required. To the extent Paragraph 64 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 64.

      65.     An actual and live controversy has arisen and currently exists between the parties
regarding whether Counter-Defendants' intended use of the Loufrani Smiley Face Design will
constitute, or if use has begun, constitutes trademark infringement of Wal-Mart's registered Mr.
Smiley Mark under Section 32 of the Lanham Act, 15 U.S.C. § 1114(J).

**ANSWER:** Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering

further, Plaintiffs state that Paragraph 65 consists of legal argument and conclusions to which no

answer is required. To the extent Paragraph 65 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 65.

      66.     Not only will Wal-Mart be irreparably injured because of its loss of goodwill and
reputation if Counter-Defendants' begin or continue to the Loufrani Smiley Face Design, Wal-
Mart will suffer damages as a result of such infringement.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 66.

      67.     Wal-Mart desires a judicial declaration from this Court that any use or licensing
of the Loufrani Smiley Face Design by Counter-Defendants will constitute, or if such use or
licensing has begun, constitutes law trademark infringement of Wal-Mart's Mr. Smiley Mark
under Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

**ANSWER:** Plaintiffs admit that Wal-Mart seeks a judicial declaration from the court.

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering further, Plaintiffs

deny the remaining allegations contained in Paragraph 67.

      68.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that
the use by Counter-Defendants of the Loufrani Smiley Face Design will infringe, and if used, has
infringed Wal-Mart' s rights in its registered Mr. Smiley Mark under Section 32 of the Lanham
Act, 15 U.S.C. §1114(1).

**ANSWER:** Plaintiffs admit only that Wal-Mart seeks a declaratory judgment from the court.

Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering further, Plaintiffs

state that Paragraph 68 consists of legal argument and conclusions to which no answer is

required.  To the extent Paragraph 68 requires an answer, Plaintiffs deny the allegations

contained in Paragraph 68.

**COUNT IV**
**Declaratory Judgment**
**(Common Law Trademark Infringement)**

69.    Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations
set forth in paragraphs 1 through 68, above.

**ANSWER:**    Plaintiffs hereby incorporate by reference their answers to paragraphs 1 through

68 above as though fully set forth herein.

70.    Wal-Mart owns a common law trademark throughout the United States, including
in the State of Illinois, for its Mr. Smiley Mark in connection with retail store operations.

**ANSWER:**    Plaintiffs lack knowledge or information sufficient to form a belief about the

allegations contained in Paragraph 70 and therefore deny same.

71.    The Loufrani Smiley Face Design is confusingly similar, if not identical, to the
Wal-Mart Smiley Mark.

**ANSWER:**    Plaintiffs state that Paragraph 71 consists of legal argument and conclusions to

which no answer is required.  To the extent Paragraph 71 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 71.

72.    If Counter-Defendants were to begin use, or if they have begun use, of the
Loufrani Smiley Face Design on any of the goods and services identified in Loufrani's
applications, it would create a likelihood of confusion with the retail store operations Wal-Mart
offers under its Mr. Smiley Mark. Accordingly, one of the grounds Wal-Mart raised in its
Notices of Opposition was that there would he a likelihood of confusion created by Counter-
Defendants' use (and resulting registration) of the Loufrani. Smiley Face Design.

**ANSWER:**    Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs state that Paragraph 72 consists of legal argument and conclusions to which no

22

answer is required.  To the extent Paragraph 72 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 72.

73.     Loufrani's use of its Loufrani Smiley Face Design on the goods and services
identified in its intent-to-use applications would be without the authorization of Wal-Mart, and
would constitute an infringement of Wal-Mart's Mr. Smiley Mark.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs state that Paragraph 73 consists of legal argument and conclusions to which no

answer is required.  To the extent Paragraph 73 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 73.

74.     As set forth in paragraph 49 above, many of the goods and services identified in
Loufrani's applications to register the Loufrani Smiley Face Design are identical or related to the
goods and services offered by Wal-Mart in connection with the retail stores services provided
under its Mr. Smiley Mark.

**ANSWER:**     As set forth in their answer to Paragraph 49 above, Plaintiffs admit only that they

applied for a number of goods and services in a variety of classes.  Plaintiffs deny that Wal-Mart

applied for the mark "Mr. Smiley."  Answering further, Plaintiffs lack knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 49 regarding Wal-

Mart's product sales.  Plaintiffs deny the remaining allegations contained in Paragraph 49, and

by extension, Paragraph 74.

75.     There will be an overlap in the customers of Wal-Mart and the intended users of
the products and services Counter-Defendants purport to intend to offer under the Loufrani
Smiley Face Design. Wal-Mart's customer base covers persons across the county. The vast
majority of consumers are well familiar with Wal-Mart and its iconic Mr. Smiley logo.
Regardless of Loufrani's purported target market for the products and services identified in its
applications, these consumers are virtually certain to include Wal-Mart customers.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Plaintiffs state

that Paragraph 75 consists of legal argument and conclusions to which no answer is required.

Answering further, Plaintiffs lack knowledge or information sufficient to form a belief as to Wal-

Mart's customer base. To the extent Paragraph 75 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 75.

76.     If used, the Loufrani Smiley Face Design is likely to cause confusion, mistake, and deception among the consumers as to the origin and quality of the products bearing the Loufrani Smiley Face Design. There is likely to be confusion in the marketplace, as consumers are likely to believe that Counter-Defendants' products and activities are authorized by, licensed or endorsed by, or associated with Wal-Mart.

**ANSWER:**     Plaintiffs state that Paragraph 76 consists of legal argument and conclusions to

which no answer is required.  To the extent Paragraph 76 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 76.

77.     An actual and live controversy has arisen and currently exists between the parties regarding whether Counter-Defendants' intended use of the Loufrani Smiley Face Design will constitute, or if use has begun, constitutes trademark infringement of Wal-Mart's Mr. Smiley Mark.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs state that Paragraph 77 consists of legal argument and conclusions to which no

answer is required.  To the extent Paragraph 77 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 77.

78.     Not only will Wal-Mart be irreparably injured because of its loss of goodwill and reputation if Counter-Defendants' begin or continue to use the Loufrani Smiley Face Design, Wal-Mart will suffer damages as a result of such infringement.

**ANSWER:**     Plaintiffs deny the allegations made in Paragraph 78.

79.     Wal-Mart desires a judicial declaration from this Court that any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants will constitute, or if such use or licensing has begun, constitutes common law trademark infringement of Wal-Mart's common law rights in its Mr. Smiley Mark.

**ANSWER:**     Plaintiffs admit that Wal-Mart seeks a judicial declaration from the court.

Answering further, Plaintiffs deny the remaining allegations contained in Paragraph 79.

80.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that the use by Counter-Defendants of the Loufrani Smiley Face Design will infringe, and if used, has infringed Wal-Mart's common law rights in its Mr. Smiley Mark.

**ANSWER:**    Plaintiffs admit only that Wal-Mart seeks a declaratory judgment from the court.

Answering further, Plaintiffs state that Paragraph 80 consists of legal argument and conclusions

to which no answer is required.  To the extent Paragraph 80 requires an answer, Plaintiffs deny

the allegations contained in Paragraph 80.

### COUNT V
**Declaratory Judgment**
**(Illinois Uniform Deceptive Trade Practices Act)**

81.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 80, above.

**ANSWER:**    Plaintiffs hereby incorporate by reference their answers to paragraphs 1 through

80 above as though fully set forth herein.

82.     Wal-Mart owns valid trademark rights in its Mr. Smiley Mark, which is registered as Reg. No. 3,649,099.

**ANSWER:**    Plaintiffs deny the allegations contained in Paragraph 82.

83.     If Counter-Defendants were to begin use or licensing of the Loufrani Smiley Face Design in connection with the goods and services identified in Loufrani's applications, it would create a likelihood of confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark. Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there would be a likelihood of confusion created by Counter-Defendants' use (and resulting registration) of the Loufrani Smiley Face Design.

**ANSWER:**    Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs state that Paragraph 83 consists of legal argument and conclusions to which no

answer is required.  To the extent Paragraph 83 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 83.

84.     If Counter-Defendants use or license the Loufrani Smiley Face Design, it will constitute, or if they have used or licensed this mark, it constitutes, deceptive trade practices under Illinois law, 815 ILCS 510/1, *et seq.* Counter-Defendants' intended infringement of the

25

Wal-Mart Mr. Smiley Mark will cause, and if use has begun, is causing, confusion or misunderstanding among the consuming public as to the affiliation, connection or association between Wal-Mart and the Counter-Defendants as to the sponsorship or approval by Wal-Mart of Counter-Defendants' products and/or services bearing the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley." Answering further, Plaintiffs state that Paragraph 84 consists of legal argument and conclusions to which no answer is required. To the extent Paragraph 84 requires an answer, Plaintiffs deny the allegations contained in Paragraph 84.

85.     Wal-Mart and the public are likely to be irreparably damaged, and if use has begun, are being irreparably damaged, as a result of Counter-Defendants' use or licensing of the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs deny the allegations contained in Paragraph 85.

86.     An actual and live controversy has arisen and currently exists between the parties regarding the likelihood of confusion or misunderstanding among the consuming public as to the affiliation, connection or association between Wal-Mart and the Counter-Defendants as to the sponsorship or approval, by Wal-Mart of Counter-Defendants' products bearing the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs state that Paragraph 86 consists of legal argument and conclusions to which no answer is required. To the extent Paragraph 86 requires an answer, Plaintiffs deny the allegations contained in Paragraph 86.

87.     Wal-Mart seeks a judicial declaration from this Court that any use or licensing by Counter-Defendants of the Loufrani Smiley Face Design will constitute, and if use or licensing has begun, constitutes, a violation of the Illinois Uniform Deceptive Trade Practices Act.

**ANSWER:**     Plaintiffs admit that Wal-Mart seeks a judicial declaration from the court.

Answering further, Plaintiffs deny the remaining allegations contained in Paragraph 87.

88.     Pursuant to 28 U.S.C. § 2201, Wal-Mart is entitled to a declaratory judgment that Counter-Defendants' use or licensing of the Loufrani Smiley Face Design will constitute a violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1, *et seq.).*

**ANSWER:**     Plaintiffs admit only that Wal-Mart seeks a declaratory judgment from the court.

Answering further, Plaintiffs state that Paragraph 88 consists of legal argument and conclusions

to which no answer is required.  To the extent Paragraph 88 requires an answer, Plaintiffs deny

the allegations contained in Paragraph 88.

**COUNT VI**
**Declaratory Judgment**
**(Illinois Consumer Fraud and Deceptive Business Practices Act**
**(815 ILCS *505/i, et seq.)***

89.     Wal-Mart hereby repeats and realleges, as if fully set forth herein, the allegations
set forth in paragraphs 1 through 88, above.

**ANSWER:**     Plaintiffs hereby incorporate by reference their answers to paragraphs 1 through

88 above as though fully set forth herein.

90.     Wal-Mart's Mr. Smiley Mark is a valid and enforceable trademark for Wal-Mart's
retail store operations and is registered as Reg. No. 3,649,099.

**ANSWER:**     Plaintiffs deny the allegations contained in Paragraph 90.

91.     If Counter-Defendants were to begin use of Loufrani Smiley Face Design on the
goods and/or services identified in Loufrani's applications, it would create a likelihood of
confusion with the retail store operations Wal-Mart offers under its Mr. Smiley Mark.
Accordingly, one of the grounds Wal-Mart raised in its Notices of Opposition was that there
would be a likelihood of confusion created by Counter-Defendants' use (and intended
registration) of the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs deny that Wal-Mart applied for the mark "Mr. Smiley."  Answering

further, Plaintiffs state that Paragraph 91 consists of legal argument and conclusions to which no

answer is required.  To the extent Paragraph 91 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 91.

92.     Any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants
will constitute unfair competition and unfair or deceptive acts or practices under Illinois law, 815
ILCS 505/i, *et seq.* Any use or licensing of the Loufrani Smiley Face Design by Counter-
Defendants will cause confusion or misunderstanding among the consuming public as to the
affiliation, connection or association between Wal-Mart and Counter-Defendants and/or the
sponsorship or approval by Wal-Mart of any products licensed, manufactured, distributed or sold
by Counter-Defendants hearing the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs deny the allegations contained in Paragraph 92.

27

93.     An actual and live controversy has arisen and currently exists between the parties regarding the likelihood that Counter-Defendants' use or licensing of the Loufrani Smiley Face Design will cause, and if used has caused, confusion or misunderstanding among the consuming public as to the affiliation, connection or association between Wal-Mart and Counter-Defendants and/or the sponsorship or approval by Wal-Mart of any products licensed, manufactured, distributed or sold by Counter-Defendants bearing the Loufrani Smiley Face Design.

**ANSWER:**     Plaintiffs state that Paragraph 93 consists of legal argument and conclusions to

which no answer is required.  To the extent Paragraph 93 requires an answer, Plaintiffs deny the

allegations contained in Paragraph 93.

94.     Wal-Mart desires a judicial declaration by this Court that any use or licensing of the Loufrani Smiley Face Design by Counter-Defendants will constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, as set forth at 815 ILCS 505/I, *et seq.*

**ANSWER:**     Plaintiffs admit that Wal-Mart seeks a judicial declaration from the court.

Answering further, Plaintiffs deny the remaining allegations contained in Paragraph 94.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Wal-Mart's claims are barred in whole or in part by the doctrine of laches.

### Second Affirmative Defense

Wal-Mart's claims are barred in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense

Wal-Mart's claims are barred in whole or in part by the doctrine of waiver.

### Fourth Affirmative Defense

Wal-Mart's claims are barred in whole or in part because the Mark is a ubiquitous icon

and therefore generic.

**<u>Fifth Affirmative Defense</u>**

In the alternative to the Fourth Affirmative Defense, Wal-Mart's claims are barred in whole or in part because the Mark is descriptive, and Wal-Mart cannot demonstrate secondary meaning in a timely manner.

**<u>Sixth Affirmative Defense</u>**

Wal-Mart's claims are barred in whole or in part by the doctrine of unclean hands.

**<u>Seventh Affirmative Defense</u>**

Wal-Mart's claims are barred in whole or in part by the doctrine of acquiescence and/or the doctrine of waiver.

**<u>Eighth Affirmative Defense</u>**

There is no likelihood of confusion between Plaintiffs' Smiley and Design Mark for goods and Wal-Mart's Mark for retail department store services.

**<u>Ninth Affirmative Defense</u>**

Wal-Mart's claims are barred because it committed fraud on the USPTO when it failed to declare in its application that the mark was generic.

**<u>Tenth Affirmative Defense</u>**

Wal-Mart's claims are barred in whole or in part because Wal-Mart has not been damaged by any act or omission on the part of Plaintiffs.

**<u>Eleventh Affirmative Defense</u>**

Wal-Mart's claims are barred because the TTAB's decision granted to Wal-Mart an impermissible right-in-gross that extended the scope of the limited rights granted under the Lanham Act and thereby violates the antitrust laws. Plaintiffs reserve their right to bring an action against Wal-Mart for antitrust violations.

Plaintiffs reserve the right to add any additional defenses discovered in the course of this litigation.

Respectfully submitted,

**FRANKLIN LOUFRANI, an individual, and THE SMILEY COMPANY SPRL, a Belgian Company,**

Dated: December 4, 2009

By:_____/s/ Natalie A. Harris_____
One of their attorneys

Steven L. Baron (*ARDC No. 6200868)*
Natalie A. Harris (*ARDC No. 6272361*)
Lindsay H. LaVine (*ARDC No. 6291725*)
MANDELL MENKES LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 251-1000 (phone)
(312) 251-1010 (fax)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I caused this ***Answer to Wal-Mart Stores, Inc.'s Counterclaim and Affirmative Defenses,*** to be served on:

> Robert E. Shapiro
> Wendi E. Sloane
> Rebecca D. Ray
> Barack Ferrazzano Kirschbaum
>  & Nagelberg   LLP
> 200 West Madison, Suite 3900
> Chicago, Illinois 60606

via ECF on December 4, 2009.


                                                    ____/s/ Natalie A. Harris_____


#176618.1