IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN LOUFRANI, an individual, and THE SMILEY COMPANY SPRL, a Belgian Company,<br><br>Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>WAL-MART STORES, INC.<br><br>Defendant/Counter-Plaintiff. | Case No. 09 CV 3062<br><br>Judge Sharon Johnson Coleman |

## JOINT INITIAL STATUS REPORT

Plaintiffs/Counter-Defendants Franklin Loufrani and The Smiley Company SPRL (collectively, "Loufrani") and Defendant/Counter-Plaintiff Wal-Mart Stores, Inc. ("Walmart"), hereby submit their Joint Initial Status Report as follows:

1. **Nature of the Case**

    a. **Attorneys of Record**

    FRANKLIN LOUFRANI and
    THE SMILEY COMPANY SPRL
    Plaintiffs/Counter-Defendants
    Steven L. Baron (lead trial attorney)
    Natalie L. Harris
    Lindsay H. LaVine
    **MANDELL MENKES LLC**
    333 West Wacker Drive, Suite 300
    Chicago, Illinois 60606
    (312) 251-1000 (Phone)
    (312) 251-1010 (Fax)

    WAL-MART STORES, INC.
    Defendant/Counter-Plaintiff
    Robert E. Shapiro (lead trial attorney)
    Wendi E. Sloane
    Rebecca Ray
    **BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**

200 West Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100 (Phone)
(312) 984-3150 (Fax)

### b. Nature of Claims Asserted in Complaint and Counterclaim

#### i. Basis for Federal Jurisdiction

This Court has subject matter jurisdiction over:

(1) the Complaint pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, including, Section 21(b)(1) and 39(a) of the Lanham Act, 15 U.S.C. §1071(b)(1) and 1121(a); and

(2) the Counterclaim pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§1501 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §2201. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to the Counterclaim claims arising under state law.

#### ii. Nature of Claims in the Complaint

This is an appeal from a ruling by the Trademark Trial and Appeal Board (TTAB) issued on March 20, 2009. In its ruling, the TTAB upheld Walmart's federal trademark application serial no. 76/320,901 for its design mark ("Walmart Mark")[1] and sustained Walmart's opposition to registration of Loufrani's federal trademark applications for the SMILEY and Design Mark ("SMILEY and Design Mark")[2] for various goods and services. In upholding the Walmart Mark, the TTAB found that Walmart had acquired distinctiveness/secondary meaning in the Walmart Mark and did so before Loufrani filed his applications for the SMILEY and Design Mark. In sustaining Walmart's opposition to the SMILEY and Design Mark, the TTAB found that Loufrani's Smiley and Design Mark was descriptive, not inherently distinctive. In addition, the TTAB found that a likelihood of confusion exists between Loufrani's SMILEY and Design Mark and the Walmart Mark.

In this appeal, Loufrani (1) claims that the TTAB March 20, 2009 decision (the "TTAB Decision") was erroneous and not supported either by the law or the evidence in this matter and (2) seeks an order from the Court (i) finding that the Smiley and Design Mark is distinctive and that the SMILEY word element is not the legal equivalent or descriptive of the Happy Face Design element of plaintiffs' Smiley and Design Mark (the "Happy Face Design"); (ii) reversing the portion of the TTAB Decision finding a likelihood of confusion between the Walmart Mark

---



[1]   Walmart Mark

[2]   SMILEY and Design Mark

and the SMILEY and Design Mark; (iii) directing the USPTO to issue a notice of allowance for Loufrani application serial nos. 75/302,439 and 75/977,376 for the SMILEY and Design Marks; and (iv) reversing and vacating the portion of the TTAB Decision finding that Walmart had acquired distinctiveness in the Walmart Mark before Loufrani filed his applications for the SMILEY and Design Mark and (v) granting Loufrani's opposition.

### iii. Nature of Claims Asserted in Counterclaim

Walmart seeks a declaration that (i) the TTAB Decision was correct in all respects and should be upheld; (ii) Loufrani's adoption and use of the SMILEY and Design Mark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act; (iii) Loufrani's adoption and use of the SMILEY and Design Mark would infringe the Walmart Mark in violation of Section 32 of the Lanham Act; (iv) plaintiffs' adoption and use of the SMILEY and Design Mark infringes Walmart's common law rights in the Walmart Mark; (v) Loufrani's adoption and use of the SMILEY and Design Mark constitutes deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.* and (vi) Loufrani's use of the SMILEY and Design Mark constitutes unfair competition and unfair or deceptive acts or practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

### c. Principal Legal and Factual Issues

- Whether Loufrani had a *bona fide* intent to use the SMILEY and Design Mark
- Whether Loufrani can establish use of registered SMILEY marks
- Whether Loufrani can establish the long-standing and ubiquitous use of the Walmart Mark and other indistinguishable Happy Face Designs for a wide variety of goods and services
- Whether the word mark SMILEY is equivalent to the Walmart Mark or other Happy Face Designs
- Whether Walmart acquired secondary meaning in the Walmart Mark before Loufrani filed his intent-to-use applications for the SMILEY and Design Marks
- Whether there is a likelihood of confusion between the SMILEY and Design Marks and the Walmart Mark
- Whether Loufrani's SMILEY and Design Marks are distinct.

For additional information regarding the appropriate standard of review and procedures under §21(b)(1) of the Lanham Act, the parties direct the Court to the Joint Bench Memorandum submitted on September 16, 2009, a copy of which is attached hereto as Appendix A.

### d. Relief Sought By Plaintiffs

The parties reference and incorporate Section 1 (b)(ii).

### e. Relief Sought By Counter-Plaintiff

The parties reference and incorporate Section 1 (b)(iii).

3

### f. General Status of the Case

On July 30, 2009, Loufrani filed a motion to dismiss Counts II-VI of Walmart's Counterclaim. Judge Kendall denied Loufrani's motion to dismiss on November 9, 2009. Because the parties are entitled to present new evidence in a Section 21(b)(1) appeal (see Appendix A), the parties have been engaged in discovery.

The current scheduling order was entered on April 14, 2010. Pursuant to that order, all fact discovery was to be completed by June 15, 2010, expert discovery was to be completed by August 31, 2010, and dispositive motions are to be filed by September 30, 2010. Before the parties' court appearance on May 19, 2010, however, counsel for both parties agreed to jointly request an extension of the current schedule to permit them sufficient time to complete written and oral discovery. The Court's May 19, 2010 referral of the case to the Magistrate Judge for settlement conference and corresponding discovery stay temporarily rendered the parties' need to request an extension of the scheduling order moot. If the parties are unable to resolve the §21(b) Civil Action in connection with the ongoing settlement negotiations, the parties will request that the Court reasonably extend the schedule set forth in the April 14, 2010 order to allow sufficient time to complete fact discovery and file appropriate dispositive motions.

### 2. Pending Motions

Loufrani filed a Motion to Compel on May 14, 2010 focusing on Walmart's (1) responses to requests for the identification of fact witnesses and corporate representatives for deposition (2) documents in Walmart's possession created by the advertising agency responsible for developing and implementing Walmart's mark and (3) responses to requests for the identification of certain key facts relevant to the secondary meaning issue identified in the Board's March 20, 2009 decision. The Court denied Loufrani's Motion to Compel without prejudice. If the parties are unable to resolve the §21(b)(1) Civil Action in connection with the ongoing settlement negotiations, Loufrani intends to renew its motion to compel.

### 3. Remaining Discovery

The parties have engaged in written discovery by exchanging initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and by serving and responding to interrogatories and document requests. Walmart served written discovery on March 29, 2010, but the parties agreed to suspend Loufrani's responses in light of the referral for settlement.

Loufrani noticed the depositions of ten (10) Walmart employees, nine of whom Walmart identified in its 26(a)(1) disclosures. Walmart has since confirmed that it does not intend to rely upon the testimony of all nine identified employees. Accordingly, Loufrani intends to pursue some, but not all, of the noticed depositions. In addition, Loufrani issued subpoenas to take the depositions of two additional former Walmart employees. Walmart noticed the depositions of Franklin Loufrani and his son, Nicolas Loufrani, who currently runs Plaintiffs' company. All of the depositions have been postponed, and have not yet been completed.

4

The parties estimate that they will require an additional 60-90 days to complete fact discovery.

### 4. Jury Trial Expectation.

Neither party has an expectation of a jury trial. A bench trial could be expected to last approximately seven court days.

### 5. Consent to Proceed Before Magistrate Judge.

At this time the parties have not consented to proceed before a magistrate judge, other than for the purpose of engaging in a settlement conference as set forth in more detail in Section 6.

### 6. Status of Settlement Discussion/Request for Settlement Conference.

The parties participated in an in-person settlement conference before Magistrate Judge Finnegan on July 19, 2010. The parties made some progress at the initial conference, which was continued until September 13, 2010. In the interim, the parties' exchanged correspondence related to the negotiation points discussed during the conference. The continued conference took place on September 13, 2010, and the parties made additional progress. The parties have agreed to exchange additional correspondence related to their respective positions and reconvene with Magistrate Judge Finnegan on September 28, 2010 at 10:00 a.m.

Respectfully submitted,

| | |
|---|---|
| **FRANKLIN LOUFRANI** and **THE SMILEY COMPANY SPRL** | **WAL-MART STORES, INC.** |
| By: /Steven L. Baron/<br>Steven L. Baron<br>Natalie L. Harris<br>Lindsay H. Lavine<br>**MANDELL MENKES LLC**<br>333 West Wacker Drive, Suite 300<br>Chicago, Illinois 60606<br>(312) 251-1000 (Phone)<br>(312) 251-1010 (Fax) | By: /Robert E. Shapiro<br>Robert E. Shapiro<br>Wendi E. Sloane<br>Rebecca Ray<br>**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**<br>200 West Madison Street, Suite 3900<br>Chicago, Illinois 60606<br>(312) 984-3100 (Phone)<br>(312) 984-3150 (Fax) |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused the parties **Joint Initial Status Report** to be served on:

> Robert E. Shapiro
> Wendi E. Sloane
> Rebecca Ray
> **Barack Ferrazzano Kirschbaum & Nagelberg LLP**
> 200 West Madison, Suite 3900
> Chicago, Illinois 60606

via CM/ECF this 23 day of September 2010.

> /s/ Steven L. Baron
> Steven L. Baron

#177197.1

#177197.1