IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN LOUFRANI, an individual, and THE SMILEY COMPANY SPRL, a Belgian Company,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Case No. 09 CV 3062<br>JUDGE KENDALL<br>MAGISTRATE JUDGE BROWN |

### JOINT BENCH MEMORANDUM
### REGARDING THE APPROPRIATE STANDARD OF REVIEW
### AND PROCEDURES UNDER SECTION 21(b)(1) OF THE LANHAM ACT

At the August 25, 2009 initial status hearing, the Court asked the parties to submit a bench memorandum regarding the standard of review and procedures for a case proceeding under Section 21(b)(1) of the Lanham Act. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") and Plaintiffs Franklin Loufrani and The Smiley Co., SPRL, hereby submit this joint bench memorandum answering the Court's questions.

### ISSUES PRESENTED

1. What is the appropriate standard of judicial review for the district court to apply when hearing an appeal of a decision of the Trademark Trial and Appeal Board ("TTAB") filed under Section 21(b)(1) of the Lanham Act?

2. What are the applicable procedures for the district court to follow when hearing a Section 21(b)(1) appeal of a TTAB decision?

### SHORT ANSWERS

1. Under Section 21(b)(1) of the Lanham Act, the district court applies a *substantial evidence* standard of review to the TTAB's factual determinations. The parties are not limited to

APPENDIX A

the factual record presented to the TTAB and may introduce new evidence. The district court is to accord significant deference to the TTAB's factual determinations, but evaluates any new evidence under a *de novo* standard. The district court also applies a *de novo* standard of review to the TTAB's legal determinations.

2. Under Section 21(b)(1) of the Lanham Act, the parties are entitled to a trial *de novo*. The parties may introduce evidence that was not presented during the TTAB proceedings, with the exception of evidence that was deliberately withheld (either through bad faith or gross negligence) at the TTAB level. The parties may not raise legal issues that were not raised before the TTAB. While courts are split on whether there is a right to a jury trial, the majority of courts to consider the issue have determined that there is no right to a jury trial. The appellee may assert counterclaims and must assert all compulsory counterclaims.

## BACKGROUND

This dispute arises out of the TTAB's March 20, 2009 consolidated decision in *Wal-Mart Stores, Inc. v Franklin Loufrani*, Opposition Nos. 91150278 and 91154632, and *Franklin Loufrani v Wal-Mart Stores, Inc.*, Opposition No. 91152145. At issue are (1) Loufrani's right to register its Smiley Face Design for the over 1000 goods and services identified in its intent-to-use applications and (2) Wal-Mart's right to register its Mr. Smiley Mark for retail store services, which Wal-Mart has used for well over 13 years.

Since at least as early as January 1996, Wal-Mart has used its Mr. Smiley Mark



in connection with its retail store services, including as the centerpiece of its well-known and highly-publicized "Rollback Campaign." On June 3, 1997, Franklin Loufrani filed an intent-to-

use application under Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b), to register its smiley

design  as a design mark (the "Loufrani Smiley Face Design"). Loufrani's application claimed he had a *bona fide* intent to use the Loufrani Smiley Face Design as a trademark for over 1000 goods and services in 24 separate International Classes.[1]

The Patent and Trademark Office ("PTO") initially refused registration of Loufrani's applications. Loufrani subsequently disclaimed "the right to use the representation of a smiling face apart from the mark as shown," which included the word "SMILEY" under the face itself. The PTO then published Loufrani's applications for opposition.

On October 31, 2001, Wal-Mart filed an application with the PTO to register the Mr. Smiley Mark in Class 35 for retail store operations, stating that it had been using that trademark continuously in commerce since no later than January 26, 1996, which was approximately eighteen months before Loufrani filed his intent-to-use application. Both Wal-Mart and Loufrani opposed each others' applications. The TTAB consolidated the oppositions.

The parties engaged in significant discovery. The parties exchanged thousands of documents, responded to interrogatories, took four testimonial depositions, and exchanged expert reports. There was no suggestion by either party that it had an insufficient opportunity to conduct the discovery needed to make a full presentation of the legal issues.

After reviewing the evidence and hearing argument on January 14, 2009, the TTAB

---

[1] On March 28, 1998, Loufrani requested that the PTO divide the application, so that the original application covers goods and services in seven International Classes. A separate application covered goods and services in sixteen additional classes. Loufrani purportedly assigned his applications to register the Loufrani Smiley Face Design to The Smiley Company SPRL during the pendency of the TTAB proceedings.

rendered its decision on all pending issues. On March 20, 2009, the TTAB ruled that, as a result of, among other things, Wal-Mart's extensive advertising and promotion of its Mr. Smiley Mark, the mark had acquired secondary meaning before Loufrani filed his intent-to-use applications. As such, Wal-Mart's application had priority over the Loufrani applications. The TTAB further ruled that the Loufrani Smiley Face Design could not be registered because it had not acquired distinctiveness and, therefore, could not function as an indicator of source. The TTAB also ruled that, with respect to the goods for which Loufrani sought registration, there was a likelihood of confusion with Wal-Mart's Mr. Smiley Mark. Accordingly, the TTAB sustained Wal-Mart's opposition to the registration of the Loufrani Smiley Face Design and dismissed Loufrani's opposition to the registration of Wal-Mart's Mr. Smiley Mark.

Plaintiffs then filed this action under Section 21(b)(1) of the Lanham Act, 15 U.S.C. §1071(b)(1), seeking judicial review of a final decision of the TTAB. Wal-Mart filed its compulsory counterclaims, some of which are currently the subject of Plaintiffs/Counter-Defendants' Motion to Dismiss.

## ANALYSIS

### I.
### THE JUDICIAL STANDARD OF REVIEW
### UNDER SECTION 21(B)(1) OF THE LANHAM ACT

As the leading treatise on trademark law readily acknowledges, "the Lanham Act's provisions for district court review of a decision of the TTAB are fairly unique and unlike most other administrative reviews." 3 MCCARTHY ON TRADEMARKS (hereinafter "McCarthy") § 21:22.50, at 21-40 (quoting *Pro-Football, Inc. v. Harjo,* 284 F. Supp. 2d 96, 102 (D.D.C. 2000)). While the district court's review is intended to be a trial *de novo* of the TTAB's decision, the parties cannot raise legal issues that were not raised before the TTAB. 3 McCarthy § 21:21, at 21-33-21-34. The district court wears two hats: it is to accord significant deference to the

TTAB's factual findings, while sitting as a *de novo* fact-finder of newly-presented evidence. *Dickinson v. Zurko*, 527 U.S. 150, 162-63 (1999); 3 McCarthy § 21:22.50, at 21-39. *Accord On-Line Careline, Inc. v. Amer. Online, Inc.*, 229 F.3d 1080, 1084-85 (Fed. Cir. 2000) (interpreting *Zurko* as applied to trademark, as opposed to patent, proceedings and affirming TTAB's decision); *Skippy, Inc. v. Lipton Investments, Inc.*, 345 F. Supp. 2d 585, 586 (E.D. Va. 2002). While a TTAB decision is given substantial weight by the district court, it can be overcome by persuasive evidence. *See* TRADEMARK REGISTRATION PRACTICE, §14:15 at 14-28 (*citing Wells Fargo & Co. v. Stagecoach Properties, Inc.*, 685 F.2d 302 (9th Cir. 1982).

A.  **The Substantial Evidence Standard of Review of the Administrative Procedure Act Applies to the Appeal of TTAB Decisions under Lanham Act §21(b)(1).**

The Lanham Act provides for two alternative procedures for the appeal of a TTAB decision. Section 21 of the Lanham Act permits an appeal either to the Court of Appeals for the Federal Circuit or to a district court. An appeal of a TTAB decision to the Court of Appeals for the Federal Circuit proceeds only on the record created in the TTAB proceeding, and no new evidence is permitted. The purpose of the alternative review process by a district court of a TTAB decision under Section 21(b)(1) of the Lanham Act is to permit the parties to introduce new evidence (as long as that evidence was not deliberately withheld, either through bad faith or gross negligence, in the TTAB proceeding).

The district court's review of the TTAB's factual findings is circumscribed. Before 1999, district courts reviewing TTAB decisions under Section 21(b)(1) of the Lanham Act applied a "clearly erroneous" standard. 3 McCarthy § 21:22, at 21-35. This changed in 1999, when the Supreme Court decided *Dickinson v. Zurko*, 527 U.S. 150, 152 (1999). In *Zurko*, the Supreme Court held that Section 706 of the Administrative Procedure Act ("APA") applied to the Federal Circuit's review of findings of fact made by the PTO. Section 706(5), provides that

"the reviewing court shall –

. . . .

(2) hold unlawful and set aside agency findings . . . found to be –

(A) arbitrary, capricious, [or] an abuse of discretion, or . . .

. . . .

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; . . . ."

5 U.S.C. §706(5).

The Supreme Court held that decisions by the PTO should not be reviewed any differently from the decisions of other administrative agencies. *Zurko*, at 162. The APA "substantial evidence" standard requires a court to ask whether "a reasonable mind might accept a particular evidentiary record as adequate to support [the agency's] conclusion." *Zurko*, at 162 (internal quotations omitted). The Court "also stressed the importance of not simply rubber-stamping agency fact-finding," noting that the APA requires meaningful review. *Zurko*, 527 U.S. at 162.

**B. The Seventh Circuit Has Adopted the "Substantial Evidence" Standard for Judicial Review of a TTAB Decision Appealed Under Lanham Act §21(b)(1).**

While *Zurko* involved a determination of patent infringement, the substantial evidence standard has been held to apply to the district court review of TTAB trademark decisions, including rulings on oppositions and cancellations. *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660 (7th Cir. 2001). In *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660 (7th Cir. 2001), the Seventh Circuit held that the substantial evidence standard of the APA applied, and clarified how the district court is to apply that standard in a case of an appeal of a TTAB trademark decision to the district court. *CAE, Inc.* remains the leading Seventh Circuit case

regarding the standard of review under Section 21(b)(1) of the Lanham Act.

In *CAE, Inc.*, Clean Air Engineering, Inc. ("Clean Air") filed an application to register its CAE mark, claiming a first-use date of December 15, 1975. *Id.* at 669. CAE, Inc. filed a Notice of Opposition to Clean Air's application, arguing that Clean Air's CAE mark was confusingly similar to CAE, Inc.'s own CAE mark, which CAE, Inc. had used since the 1950s and registered in 1972. *Id.* at 669-670. CAE, Inc. also argued that Clean Air Engineering's proposed mark was confusingly similar to CAE, Inc.'s previously-used trade names and that Clean Air's CAE mark falsely suggested that Clean Air was associated with or related to CAE, Inc. *Id.* at 669.

The TTAB held an evidentiary hearing regarding CAE, Inc.'s opposition to Clean Air's proposed mark. *Id.* at 670. The TTAB acknowledged that Clean Air's proposed mark was "virtually identical" to CAE, Inc.'s previously-used and registered trade name and mark. *Id.* Despite the similarity, however, the TTAB held there was no likelihood of confusion between the two marks based on factual findings that "(1) the parties' goods and services were dissimilar; (2) the parties' customers were sophisticated purchasers of expensive and individualized goods and services; and (3) there was no evidence of actual confusion." *Id.* The TTAB dismissed CAE, Inc.'s opposition to Clean Air's registration.

CAE, Inc. appealed the TTAB's decision to the district court under Section 21(b)(1) of the Lanham Act. During the district court proceedings, the parties submitted a substantial amount of evidence that had not been presented in the TTAB hearing. Clean Air submitted new evidence of its products and services, as well as "reiterat[ing] that there was no evidence of any incidents of actual confusion." *Id.* at 670. CAE, Inc., on the other hand, submitted new evidence regarding the overlap and potential overlap between the two companies' goods and services. The parties then filed cross-motions for summary judgment on certain counts of CAE, Inc.'s

amended complaint.

The district court found that there was a likelihood of confusion and granted summary judgment in favor of CAE, Inc., reversing the TTAB's decision. The district court cancelled Clean Air's registration of the CAE mark. The court also enjoined Clean Air from any future use of the CAE mark. *Id.*

Clean Air appealed the district court's decision to the Seventh Circuit. On appeal, Clean Air contended that the district court improperly reweighed *all* of the evidence in the record. The Seventh Circuit began its analysis by determining what standard of review applied to the district court's review of a TTAB decision. *Id.* at 674. The court went on to evaluate whether the district court applied that standard correctly. *Id.* at 674.

Regarding the standard of review, the Seventh Circuit explained that, under Section 21(b)(1) of the Lanham Act, "the district court sits in a dual capacity. It is an appellate reviewer of facts found by the TTAB and is also a fact-finder based on new evidence introduced to the court." *Id.* (citing 3 McCarthy § 21:20, at 21-26). Therefore, the court explained, "the district court's review of the TTAB's decision is considered *de novo* when the parties present new evidence and assert additional claims, the district court also must afford deference to the fact findings of the TTAB." *Id.*

The *CAE, Inc.* court noted that *Zurko* left undecided which APA standard applied: "arbitrary, capricious, or abuse of discretion" under § 706(2)(A) or "substantial evidence" under § 706(2)(E). *Id.* The Seventh Circuit observed that, in *On-Line Careline, Inc. v. America Online, Inc.*, 229 F.3d 1080 (Fed. Cir. 2000), the Federal Circuit had adopted the "substantial evidence" standard for review of TTAB decisions. *On-Line Careline, Inc., supra* (affirming TTAB's decision denying cancellation of AOL's "ONLINE TODAY" mark). The Seventh Circuit agreed

with the Federal Circuit's resolution of the question left open by Zurko (which prong of § 706(2) applied) and asserted that , "[w]hen a court's review of an agency's fact-finding is circumscribed by the agency record as the Federal Circuit explained, the substantial evidence standard in § 702(2)(E) applies." *CAE, Inc.*, 267 F.3d at 675.

The Seventh Circuit held that "findings of fact by the TTAB properly are reviewed under the substantial evidence standard set forth in § 702(2)(E)." *Id.* at 676. It went on to explain how to apply that standard:.

> Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Id.* at 675.

The Seventh Circuit affirmed the district court's decision in all respects, finding that the district court had applied the substantial evidence standard, if not in name, then in practice. The district court had recognized that it was the *de novo* fact-finder with respect to all newly-presented evidence, but it also acknowledged that the TTAB's factfinding was controlling "unless the contrary is established by testimony which in character and amount carries thorough conviction. The Seventh Circuit held that the district court had given deference to the TTAB's decision but was still "left with a firm, thorough conviction that the TTAB's decision was incorrect." *Id.* at 676.. As a result, while the district court's review of facts found by the TTAB is deferential, this same standard does not apply to new evidence presented to the district court. 3 McCarthy § 21:22.50, at 21-40. *Accord On-Line Careline, Inc.*, 229 F.3d at 1085; *Glendale Int'l Corp. v. U.S. Patent & Trademark Office*, 374 F. Supp. 2d 479, 485 (E.D. Va. 2005); *Skippy, Inc.*, 345 F. Supp. at 586 ("The district court must, however, afford deference to the fact-findings of the TTAB.").

Under the "substantial evidence" standard, "the possibility of drawing two inconsistent

conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *On-Line Careline*, 229 F.3d at 1087. In affirming the TTAB's decision in *On-Line Careline*, the Federal Circuit specifically noted that plaintiff in that case had not "demonstrated that [the TTAB's factual determinations under the likelihood of confusion determination were] unsupported by substantial evidence. At most, [plaintiff] has pointed to evidence that conflicts with these findings." *Id.* That conflicting evidence was not enough to overcome the substantial evidence standard of review. *Id.*

## II.
## PROCEDURES FOR APPEALS
## UNDER SECTION 21(B)(1) OF THE LANHAM ACT.

In addition to the allowance of new evidence before the district court, two procedural issues remain under Section 21(b)(1) of the Lanham Act: (a) whether the parties are entitled to a jury trial and (b) whether there are any limits on the district court's final order, *i.e.*, must the order affirm or reverse the TTAB's decision in full, or may the district court's order modify the TTAB's decision.

As a general rule, district courts have held there is no right to have a jury trial in an appeal of the TTAB proceeding under Section 21(b)(1) of the Lanham Act. The Seventh Circuit has not addressed the issue.

The Seventh Circuit has not addressed the issue, but several district courts, including the Southern District of Illinois, have done so. *Millers' Mutual Insurance Association v Quigg*, 1987 U.S. Dist. LEXIS 13057 (S.D. Ill. 1987) held that the plaintiff-appellant was *not* entitled to a jury trial. The court considered the unique "hybrid" nature of a Section 21(b)(1) action and reasoned that Congress did not intend that a right to jury trial be provided in an action brought under Section 21(b)(1). *Id.* In *Millers' Mutual,* the Southern District of Illinois relied heavily on the stated rationale in *Har-Bur Associates v. Docktor Pet Centers, Inc.* 678 F. Supp. 98 (E.D. Pa.

1986), which also held that Congress did not intend that a right to jury trial be provided under Section 21(b)(1).

On the other hand, however, the Court of Appeals for the District of Columbia has held there is a right to have a jury *first* decide factual issues and *then* to have the district court decide the appeal of the TTAB decision. *Material Supply Int'l, Inc. v. Sunmatch Industrial Co., Ltd.*, 146 F.3d 983 (D.C. Cir. 1998). The court in *Material Supply* reasoned that because plaintiff in that case had brought both legal and equitable claims against defendant, the plaintiff was entitled to have a jury decide all factual questions common to all claims first, including who owned the mark at issue. The parties agreed, however, that the decision whether to affirm or reverse the TTAB belonged to the court itself. *Id.* at 988.

On balance, the facts and reasoning in *Millers' Mutual* and *Har-Bur* are more applicable here. Plaintiffs seek only equitable relief. Similarly, Wal-Mart's counterclaims seek only declaratory relief. Under the rationale of *Miller's Mutual*, neither party in this proceeding has a right to a jury trial. *Miller's Mutual*, 1987 U.S. Dist. LEXIS 13057, at *2. *Cf. Material Supply*, 146 F.3d at 989.

The Lanham Act specifically gives the district court power to adjudge whether an applicant is entitled to registration, whether a registration should be cancelled or "such other matters as the issues in the proceeding require." 3 McCarthy § 21-23, at 21-42 (citing *Standard Pressed Steel Co. v. Midwest Chrome Process Co.*, 418 F. Supp. 485 (N.D. Ill. 1976)). Therefore, the district court has the right to modify the TTAB's decision, not just to affirm or reverse it.

Respectfully submitted,

Dated: September 16, 2009         By: /s/ Wendi E. Sloane
                                  Robert E. Shapiro (#03125180)

Wendi E. Sloane (#06183926)
Rebecca Ray (#06283807)
BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100 (phone)
(312) 984-3150 (fax)

*Counsel for Defendant*
Counterclaim-Plaintiff
WAL-MART STORES, INC.


By: **/s/ Steven L. Baron**
Steven L. Baron (#6200868)
Natalie A. Harris (#6272361)
Lindsay H. LaVine (#6291725)
**MANDELL MENKES LLC**
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606

*Counsel for Plaintiffs/Counterclaim-Defendants*
FRANKLIN LOUFRANI and
THE SMILEY COMPANY SPRL